### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL A. and AMY L. SCHNEIDER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-4094-SAC |
| ) | |
| CITIMORTGAGE, INC., et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon Plaintiffs' Motion to Quash Subpoena of Non-Party Home Quest Mortgage (ECF No. 60); Defendants' Motion to Enforce Subpoena (ECF No. 67); and Kansas Secured's Response to Business Records Subpoena (ECF No. 79). These related motions all arise from discovery disputes involving non-party subpoenas.

**I.      Order denying the Schneiders' motion to quash third party subpoena**

The Schneiders seek to quash a subpoena that defendants intend to serve upon non-party Home Quest Mortgage. Plaintiffs put forth numerous arguments in support of their motion including: that the information sought is not relevant; that production of the documents would be burdensome and duplicative; that the defendants should seek the documents from the Schneiders and not a third party; and that defendants failed to comply with D. Kan. Rule 37.2, governing the duty to confer concerning discovery disputes. Defendants oppose the motion, asserting that Plaintiffs do not have standing to challenge the non-party subpoena; that the documents sought from Home Quest are relevant; and that defendants have the right to discover information from Home Quest directly without going through Plaintiffs.

**A.      Duty to Confer**

Plaintiffs contend that defendants should have consulted them prior to noticing their intent to file the third party subpoena. Rule 37.2 states that "the court will not entertain any motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." This requirement does not apply to the filing of defendants' notice; however, it applies to the Schneiders' motion to quash. The local rule is intended to encourage parties to resolve disputes among themselves whenever possible, and to avoid judicial action where it is unnecessary. Although the parties in this case claim to have conferred both over the phone and through e-mail, it is the opinion of the court that the parties have not put forth a good faith effort to confer and resolve their disputes. This is evidenced by the sheer number and character of the filings in this case. While the court will address the merits of the parties motions, it directs the parties to make genuine good faith efforts to resolve their disputes before filing in the future.

**B.   Standing**

The Schneiders challenge defendants' discovery from Home Quest Mortgage for various reasons, including: that the request is not for relevant information; that it is overly burdensome; and that Home Quest does not have any documents that have not already been provided to defendants. It appears that defendants challenge the Schneiders' standing to raise these issues.[1] The Schneiders' attorney Donna Huffman, is also the registered agent for Home Quest Mortgage, LLC,[2] the non-party from which discovery is sought to be subpoenaed. However, Plaintiffs' attorney has not entered an appearance on behalf of Home Quest Mortgage. Counsel

---

[1] Defs.' Opp'n to Pls.' Mot. To Quash Unserved Subpoena at 2, ECF No. 67.

[2] KANSAS BUSINESS CENTER, Business Entity Search, *available at* https://www.kansas.gov/bess/flow/main?execution=e1s5.

filed a motion to quash solely on the Schneiders' behalf, not on behalf of Home Quest.[3] It is therefore the Schneiders' burden to show they have standing. Generally "a party to the lawsuit does not have standing to quash a subpoena served on a nonparty."[4] For the Schneiders to bring this motion, they must assert a "personal right or privilege with respect to the subject matter of the documents requested in the subpoenas."[5] The Schneiders fail to explain how they have some personal right to protect or that the documents sought are privileged. They make no such argument. Even if the Schneiders made this assertion, plaintiffs' Motion to Quash Subpoena of Nonparty Home Quest Mortgage is denied.

### C. Plaintiffs' arguments for quashing the subpoena

While Home Quest has not filed a Motion to Quash the subpoena, in light of the extensive briefing by the parties, and the current timetable for completion of discovery, the court provides the following as guidance should the defendants actually serve the subpoena on Home Quest. In addition to asserting that the information sought is irrelevant, the Schneiders argue that the subpoena places an undue burden on Home Quest; that defendants must show "substantial need" for the subpoenaed information; that defendants already have all of the information sought because it was provided by the Schneiders or to the extent that any information has not been produced that Home Quest should not be burdened with producing information that the Schneiders themselves could produce; that defendants should be required to specifically list which documents or information they seek and do not already possess; that the subpoena does

---

[3] Plaintiffs' motion states "Come Now, the *Schneiders* as *Plaintiffs* through Counsel Donna Huffman . . ." Mot. To Quash Subpoena of Non-Party Home Quest Mortgage at 1, EFC No. 60 (emphasis added). *See also*, Plaintiffs' attorney's signature block which states she is filing the motion on behalf of Plaintiffs, not her business Home Quest Mortgage, and Plaintiffs' prayer for relief which requests this court to quash the non-party subpoena on their behalf. *Id*. at 12.

[4] *Stewart v. Mitchell Transport, et al.*, No. 01-2546-JWL, 2002 WL 1558210, at *1 (D. Kan. July 11, 2002).

[5] *Id.*

not allow a reasonable time to comply;[6] and that the Schneiders would be forced to create documents that do not exist in order to comply with the subpoena. For the reasons stated below the court finds none of these arguments persuasive.

First, the Schneiders argue that the information sought is irrelevant. The scope of discovery under a subpoena is the same as discovery under Rule 26.[7] "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[8] "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[9] Further "[a] request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[10]

The information sought in the subpoena is facially relevant. Although it is not defendants' burden, they have provided numerous relevance arguments.[11] For example, the Schneiders allege in their Complaint that Citicorp denied them a loan in violation of the Kansas Consumer Protection Act. The Schneiders allege that at the time they were denied a loan from

---

[6] Fed. R. Civ. P. 45(d)(3)(A)(i).

[7] Fed. R. Civ. P. 26(b)(1)

[8] *Stewart v. Mitchel Transport et al.*, 2002 WL 1558210, at *4.

[9] *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

[10] *The Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraaw, Inc.*, 211 F.R.D. 658, 663 (2003).

[11] *See, e.g.*, Defs.' Consolidated (1) Opp'n to Pls.' Mot. To Quash Unserved Subpoena, ECF 60; and (2) Mot. To Enforce Subpoena at 3–8, ECF No. 65).

Citicorp they were in fact eligible for multiple programs offered through Home Quest, and that Citicorp interfered or attempted to interfere with Home Quest Mortgage's services.[12] Defendants argue that information about these other potential plans, and the circumstances surrounding the loan the Schneiders' ultimately selected is relevant discoverable information. The court agrees. The Schneiders fail to show that the requested information either falls outside the scope of Rule 26 or that the potential harm of its discovery outweighs the ordinary presumption in favor of disclosure. Further, Plaintiffs conflate the relevance analysis with more specific Rule 45 requirements, claiming defendants must show "substantial need" for the information.[13] Rule 45(d)(3(C)(i) allows for the serving party to make a showing of substantial need in cases where the court would otherwise quash or modify the subpoena to protect the subpoenaed party from "disclosing a trade secret or other confidential research, development, or commercial information" or information relating to an expert's opinion or study.[14] Because the requested information does not implicate Rule 45(d)(3)(C), the court is not considering modifying or quashing the subpoena on the grounds listed in that section, and there is no reason for defendants to show substantial need. The court has reviewed the Schneiders' relevance objections. They are primarily summary, do not provide substantive arguments and are therefore rejected.

The Schneiders also include several general objections. Plaintiffs assert that defendants unduly burden Home Quest by requesting documents already in defendants' possession. The Schneiders suggest that defendants should be required to specifically list documents they seek to discover and do not already possess. They also suggest that compliance with defendants'

---

[12] *Id.* at 4–5.

[13] Mot. To Quash at 6, ECF No. 60.

[14] Fed. R. Civ. P. 45(d)(3)(C)(i)–(ii).

requests would require them to "create" nonexistent documents. If documents requested by the defendants do not exist, Home Quest cannot be expected to produce them. In that event, Home Quest should simply inform defendants in writing that such documents do not exist.

Rule 45(d)(1) requires the requesting party to take reasonable steps to avoid undue burden or expense on the producing party. Whether a subpoena imposes an undue burden is a fact specific inquiry. The court must "balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."[15] The court should consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."[16] However, the Schneiders make no showing that complying with defendants' discovery request would subject Home Quest to any undue burden. "Typically, a movant asserting an undue burden objection must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."[17] The Schneiders failed to provide an affidavit or to make any similar showing, and are not even in a position to lodge an undue burden objection, because they are not the party burdened with production. In any case, defendants' discovery request does not seem to present an undue burden.

The purpose of discovery is for both parties to discover relevant information. Defendants are entitled to request any potentially relevant information from third parties so long as those

---

[15] *Goodyear Tire*, 211 F.R.D. at 663.

[16] *Id.*

[17] *Booth v. Davis*, No. 10-4010-RDR, 2011 WL 2008284, at *8 (D. Kan. May 23, 2011).

requests comply with discovery rules. A party is not required to limit discovery to documents provided by or in the possession of the other parties.

Finally, the Schneiders argue that the subpoena did not allow a "reasonable time to comply."[18] The Schneiders simply are not in a position to assert an objection based upon the sufficiency of time provided for a non-party to produce documents pursuant to the subpoena. The defendants submitted the subpoena to the Schneiders' attorney, on June 23, 2014, who coincidentally is Home Quest Mortgage's registered agent. The subpoena requested production almost four weeks later on July 18, 2014. The Schneiders contend that this time is "less than the standard for discovery." Although the standard period for a *party* to respond to a discovery request would be 30 days, under the circumstances, 25 days does not appear to be an unreasonable time within which to comply.

## II.     Order denying defendants' motion to enforce

This matter comes before the court upon defendants' Motion to Enforce Subpoena (ECF No. 67). Fed. R. Civ. P. 45(a)(4) states "[i]f the subpoena commands the production of documents . . . then *before* it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."[19] "The requirement that notice be provided ***to the parties before service*** of the subpoena allows opposing counsel time to object to the subpoena."[20] On June 23, 2014, defendants filed their notice of intent to serve a subpoena on non-party Home Quest Mortgage on June 23, 2014.[21] On that same day the attorney for

---

[18] Fed. R. Civ. P. 45(d)(3)(A)(i)

[19] Fed. R. Civ. P. 45(a)(4) (emphasis added).

[20] *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty. et al.*, No. 09-1316-MLB, 2011 WL 2118636 (D. Kan. May 27, 2011).

[21] Notice of Intent to Serve Subpoena Duces Tecum by CitiMortgage et al., ECF No. 55.

defendants e-mailed Donna Huffman asking her to "accept service of the enclosed Subpoena as the registered agent for Home Quest Mortgage, LLC via . . . e-mail [that same day]."[22]  Clearly, Ms. Huffman never waived formal service of the subpoena as the registered agent of Home Quest Mortgage.  Defendants did not achieve proper service on Home Quest through its email to Donna Huffman asking her to accept service as Home Quest's registered agent or by Ms. Huffman filing a motion to quash as the attorney for plaintiffs.  Indeed, defendants' counsel advised Ms. Huffman that formal service would be initiated within a few days if she did not accept service.[23]  Fed. R. Civ. P. 45(b)(1) requires delivering a copy of the subpoena to the named person.  Although "there is some disagreement about whether subpoenas can be served by certified mail as opposed to personally delivering a copy to the person or entity,"[24] an e-mail to plaintiff's counsel, even though she is the registered agent for Home Quest, is insufficient.  Home Quest Mortgage, LLC must be served by "personal delivery . . . on the individual who is its registered agent for the service of process."[25]

     Because the subpoena in question has not yet been served on non-party Home Quest Mortgage, it is procedurally improper for the court to compel compliance with it.  Should defendant still seek to obtain the documents set forth in the subpoena, it must properly serve

---

[22] Mem. In Opp'n, ECF No. 65-2 E-mail from Jennifer Donnelli to Donna Huffman.

[23] Mot. To Quash Subpoena of Non-Party Home Quest Mortgage, ECF 60-4 Defs.' Letter to Huffman.

[24] *Corriston v. Bd. Of Cnty. Comm'rs of Sedgwick Cnty, Kan. et al.*, No. 07-1226-WEB, 2008 WL 4057012, at *2 n.3 (D. Kan. Aug. 27, 2008) (citing *W. Res., Inc. v. Union Pac. R.R.Co.*, No. 00-2043-CM, 2002 WL 1822432, at *2 (D. Kan. July 23, 2002) (finding that under circumstances where a party had repeatedly attempted to serve a non-party "that effective service under Rule 45 is not limited to personal service" but could be accomplished through service upon the non-party's counsel or through a FedEx mailing.)

[25] *Bowers v. Mortg. Elec. Registration Sys., Inc.*, No. 10-4141-JTM-DJW, 2011 WL 6739588, at *3 (D. Kan. Dec. 22, 2011) (citing Fed. R. Civ. P. 4(h)(1) which requires an LLC to be served either "in the manner prescribed . . . for serving an individual; or (B) by delivering a copy of the [subpoena] to . . . any other agent authorized by appointment or by law to receive service of process").

Home Quest. The court, however, would strongly discourage Home Quest from filing a motion to quash which merely reiterates the same arguments that the court has already addressed in Plaintiffs' Motion to Quash. Any objections by Home Quest to production should make specific demonstrations of fact in support and avoid reliance on conclusory statements.[26] Moreover, this should only be done after the parties have exhausted their good faith efforts to resolve this matter. Anything less may result in the possibility of sanctions.

    III.    **Order advising non-party Kansas Secured Title, Inc.**

This matter also comes before the court upon Kansas Secured's Response to Business Records Subpoena (ECF No. 79). On July 23, 2014 non-party Kansas Secured Title, Inc., received a subpoena duces tecum asking it for documents relating to the loan closed between Plaintiffs and Citicorp. Since service of the subpoena, Kansas Secured's attorney has received numerous emails from Plaintiffs' attorney instructing it not to provide Defendants with the requested documents.[27] Kansas Secured sought this court's direction as to how it is to proceed. Federal Rule of Civil Procedure 45 governs subpoenas. Unless Kansas Secured has a proper objection to producing the documents under Rule 45,[28] it must comply with the request or face the possibility of being held in contempt.[29] No such objection has been made by Kansas Secured Title. No motion to quash that subpoena has been filed. The court further instructs Plaintiffs' counsel that it is improper to direct non-parties not to comply. Kansas Secured Title shall

---

[26] *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284-KHV-DJW, 2008 WL 474253, at *1 (D. Kan. Feb. 19, 2008).

[27] Kansas Secured's Response to Business Records Subpoena at 1, ECF No. 79.

[28] Fed. R. Civ. P. 45(d).

[29] Fed. R. Civ. P. 45(g).

comply with the subpoena as originally served within fourteen (14) days of the filing of this Order.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Quash Subpoena of Nonparty Home Quest Mortgage (ECF No. 60) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion to Enforce Subpoena (ECF No. 67) is denied.

**IT IS FURTHER ORDERED** regarding Kansas Secured's Response to Business Records Subpoena (ECF No. 79) that Kansas Secured shall comply with the subpoena as described above.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius_____  
K. Gary Sebelius  
U.S. Magistrate Judge