IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER
and AMY L. SCHNEIDER

    Plaintiffs,

  v.              No. 13-4094-SAC

CITIMORTGAGE, INC.,
CITIBANK, NA,
CITIGROUP, INC., and
PRIMERICA FINANCIAL SERVICES
HOME MORTGAGES, INC.

    Defendants.

MEMORANDUM AND ORDER

  This case comes before the court on the motion of Citigroup, Inc. and Primerica Financial Services Home Mortgages, Inc. for summary judgment. These defendants contend that they should be granted summary judgment because Plaintiff has not met its burden to show they can be held liable for the breach of contract or Kansas Consumer Protection Act claims made in this case.

  Citigroup is a parent company to Citicorp Trust Bank, fsb ("Citicorp"), now known as Citibank, N.A., and apparently to Primerica. *See* Dk. 62, Exh. F. Defendants establish that neither of them was a signatory to the contract

allegedly breached,[1] and assert that Citigroup was sued simply because it is a parent company to Citibank.

But Citigroup has not shown that it cannot be held liable as a parent company. *See Anderson v. Abbott,* 321 U.S. 349, 361–62, 64 S.Ct. 531, 537, 88 L.Ed. 793 (1944) (noting that limited liability is the general rule but that exceptions exist); *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 & n. 2 (10th Cir. 1993) (recognizing four tests to determine whether a parent corporation should be held liable for the acts of a subsidiary). In fact, Defendants do not attempt to produce evidence disproving their potential liability for Plaintiff's claims, and assert they need not do so. Dk. 62, p. 7. Instead Defendants contend they "need only "point[] out" that "there is an absence of evidence to support [the Schneiders'] case." *Id.* But a good reason exists for that absence of evidence - discovery is ongoing and discovery requests on the disputed issue are outstanding.

Plaintiffs' counsel has filed a "Rule 56 declaration" stating that she "cannot present facts essential to justify opposition" to the motion. Dk. 95, p. 11. states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;

---

[1] In an earlier motion to dismiss, Defendants contended that the note which was allegedly breached was not a valid contract between Plaintiffs and *Citicorp* because *Citicorp* never signed that document. The Court disagreed. Plaintiffs' underlying concern about shifting corporate liability thus finds some support. And despite numerous arguments in that motion to dismiss, neither of these defendants argued that it was not a proper party to the case. *See* Dk. 7.

>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

Fed.R.Civ. Pro. 56(d). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." (Citation omitted.)" *Committee For The First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). This rule (previously 56(f)) grants discretion to the district court to defer ruling on a summary judgment motion while the opposing party conducts additional discovery. *Estate of Ricci v. Salt Lake City Corp.*, 180 Fed.Appx. 810 (10th Cir. 2006).

Defendants have not alleged that counsel's declaration is procedurally insufficient. *See* 28 USC § 1746. Accordingly, the Court asks whether the substantive requirements of the rule are met.

> The party requesting additional discovery must present an affidavit that identifies the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact…. Speculation cannot support a Rule 56(d) motion.

*F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (interior quotation and citation omitted). And conclusory declarations are inadequate to justify relief under Rule 56(d). *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

Counsel's affidavit states the following: she has issued discovery requests; she believes the relationship of the parties to each other is key to

3

their liability; entities not named in the mortgage documents "could be" part of the fee sharing alleged in the petition; CitiMortgage controls its owner, CitiBank's documents; Defendants have produced only some of the records referring to her client's 2010 loan application; Citigroup owns and manages "each of the entities"; she has hired an expert to evaluate the documents; and the necessary documents are in Defendants' control. Dk. 95, p. 11-15.

Liberally read, counsel's affidavit is sufficient to show a plausible basis for her belief that outstanding discovery may lead to evidence sufficient to raise a genuine issue whether either of these companies is liable for the acts alleged in the complaint. 'Unless dilatory or lacking in merit, the motion should be liberally treated.' " *Committee For The First Amendment*, 962 F.2d at 1522 (*quoting* James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 56.24 (1988)). Although Rule 56 sets out stricter standards for materials offered on the merits of a summary judgment motion, those standards do not apply to proffers under Rule 56(d). *See Committee for First Amendment*, 962 F.2d at 1522.

Defendants note that summary judgments may be entered before discovery is complete, and this is so in certain circumstances. *See Public Service Co. of Colorado v. Continental Cas. Co.*, 26 F.3d 1508 (10th Cir. 1994) (finding no outstanding discovery, no Rule 56(f) affidavit, no showing of specific evidence expected to be obtained, and only partial summary judgment sought). But those circumstances are not present here.

In the exercise of its discretion, the Court finds the motion for summary judgment to be premature so permits the Plaintiffs the opportunity to discover the unusual facts necessary to hold these Defendants liable. In the event such evidence is not shown, the Court will not hesitate to grant a similar summary judgment motion after the close of discovery.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Dk. 61) is denied without prejudice to its refiling at a later date.

Dated this 22nd day of October, 2014 at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge