**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| RANDALL A. and AMY L. SCHNEIDER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-4094-SAC |
| | ) | |
| CITIMORTGAGE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon defendants' Motion to Disqualify Counsel (ECF No. 137).[1]  Defendants CitiMortgage, Inc., Citibank, National Association, Citigroup, Inc., and Primerica Financial Services Home Mortgages, Inc. move to disqualify plaintiffs' counsel, Donna L. Huffman, because she is likely to be called as a fact witness in this case.

**I.      Background**

This case revolves around plaintiffs Randall A. and Amy L. Schneider's 2010 loan refinance.  In their complaint, plaintiffs assert claims for breach of contract, violations of the Equal Credit Opportunity Act (ECOA), Real Estate Settlement Procedures Act (RESPA), Kansas Consumer Protection Act (KCPA), for conversion, and fraud.[2]  At issue is defendants' conduct surrounding plaintiffs' loan refinancing, particularly, whether defendants wrongfully denied a refinance and/or otherwise illegally interfered with plaintiffs' refinancing through another lender, and/or imposed illegal fees and penalties on plaintiffs.  In their complaint, plaintiffs make factual allegations, including: that defendants told the Schneiders that they did not qualify for a

---

[1] Plaintiffs request oral argument; however, the court finds oral argument would not materially aid in the disposition of this matter, and therefore, the request for oral argument is denied.

[2] Notice of Removal, ECF 1-1 Pls.' Pet. at 7.

refinance; that they were charged numerous illegal fees; that after being denied the Citi refinance, "the Schneiders came to local lender Home Quest Mortgage and applied for a loan where they qualified for multiple programs due in part to their debt ratio, property value, and perfect credit;" and that soon after, "Citi began to show their colors and insincerity on the 'lack of qualification' for a loan when . . . they began calling and soliciting the Schneiders for a loan refinance."[3]   The Schneiders allege that Citi attempted to hinder their refinance with Home Quest by imposing a prepayment penalty, by changing and increasing the amount due on the loan, and its status.

Defendants deny these allegations and argue they are entitled to conduct discovery to determine their validity; including whether the Schneiders were in fact "immediately approved and closed the loan . . . *with no change in circumstance* except the knowledge by the order of the 'payoff' by competitor mortgage company Home Quest."[4]   Plaintiffs' counsel, Ms. Huffman, is the owner and registered agent of Home Quest Mortgage, LLC.[5]   She was also the broker who serviced the Schneiders on their 2010 loan refinance.

This case was removed to federal court on August 14, 2013.  The parties' initial discovery deadline was October 30, 2014, but has been extended to January 16, 2015.  Several discovery disputes have arisen thus far, but the parties have engaged in document discovery, and at least one deposition has been taken.  On October 22, 2014 District Judge Sam A. Crow denied defendants Primerica Financial Services Home Mortgages, Inc. and Citigroup, Inc's motion for

---

[3] Notice of Removal, ECF 1-1 Pls.' Pet. at 6–7.

[4] Notice of Removal, ECF 1-1 Pls.' Pet. at 9. (emphasis added).

[5] Kansas Business Center, Business Entity Search for Home Quest Mortgage *available at* https://www.kansas.gov/bess/flow/main?execution=e1s5.

summary judgment, without prejudice.[6]   In light of plaintiffs' Fed. R. Civ. P. 56(d) affidavit,[7] the court allowed for discovery to continue with respect to all defendants, because the parties are in the midst of discovery, and it is possible that plaintiffs will yet be able to show Citigroup, Inc. and Primerica liable.

Defendants now seek to disqualify Ms. Huffman under Kansas Rule of Professional Conduct 3.7, because she is likely to be a necessary witness at trial.  Defendants contend that the case has reached pre-trial stages during which the attorneys will obtain evidence that could be admitted at trial, potentially exposing Ms. Huffman's dual role as both a witness and advocate to a jury.

## II.     Discussion

The District of Kansas adopts the Kansas Rules of Professional Conduct as the applicable standard of professional conduct, except where another local rule specifically applies.[8] Kansas Rule of Professional Conduct 3.7 prohibits a lawyer from:

> [a]ct[ing] as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.[9]

The rule specifically limits its prohibition to advocacy at trial.[10]  This reflects the rule's primary purpose—to avoid jury confusion if a lawyer were to appear in dual roles; both as a fact

---

[6] Order, ECF No. 147.

[7] Fed. R. Civ. P. 56(d) allows the court to defer a summary judgment ruling until additional discovery is conducted where the affiant explains which outstanding facts are not available, what has been done to discover these facts, and why additional time for discovery will help the party survive summary judgment.

[8] D. Kan. Rule. 83.6.1(a).

[9] Kan. R. Prof'l Conduct 3.7.

[10] *Am. Plastic Equip. Inc. v. Toytrackerz, LLC*, No. 07-2253, 2009 WL 902424, at * 6 (D. Kan. Mar. 31, 2009).

witness and as an advocate.[11]  It does not apply typically to a lawyer's ability to perform pretrial activities.[12]  The moving party bears the burden of showing that counsel should be disqualified.[13] "The proof must be more than mere speculation and must sustain a reasonable inference of a violation" of the professional rules.[14]  At the same time, showing a violation of a professional rule does not in every case necessitate disqualification.  Instead, the court considers the facts of each case and balances the "interest of protecting the integrity of the [judicial] process against the right of a party to the counsel of its choice."[15]  Because disqualification involves the court's ability to control attorney behavior during litigation, it is a matter left to the court's sound discretion.[16]  However, "[c]ourts have found disqualification of counsel appropriate only under limited circumstances"[17] and "give these motions serious, conscientious, and conservative treatment."[18]  Because disqualification would affect more than the attorney in the case, the "[c]ourt should be satisfied that this blunt remedy serves the purposes behind the ethical rule in

---

[11] *Id.*

[12] *Id.*

[13] *United States v. Oyer*, No. 08-2002-CM, 2009 WL 1904308, at *1 (D. Kan. July 1, 2009).

[14] *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530–31 (D. Kan. 1992).

[15] *Id.* at 1530.

[16] *Weeks v. Ind. Sch. Dist. No. 1-89, of Okla. Cty.*, 230 F.3d 1201, 1208 (10th Cir. 2000).

[17] *United States v. Oyer*, 2009 WL 773717,  at *1 (listing potential circumstances as: a finding of actual conflict of interest; alleging bona fide allegations of bad faith; or where a prosecutor would act as a witness at trial.).

[18] *Koch v. Koch Indus.*, 798 F. Supp. at 1530 (noting that this conservative review is a reflection of the possibility that such motions are often used as a litigation strategy, or technique for harassing the other side.).

question."[19]  The responding attorney retains the ultimate burden of proof to show she should not be disqualified.[20]

This District has applied a three-part test to determine if counsel should be disqualified: "First, it must be shown that the attorney will give evidence material to the determination of the issues being litigated; second, the evidence cannot be obtained elsewhere; and, third, the testimony is prejudicial or may be potentially prejudicial to the testifying attorney's client."[21]

First, defendants must show that Ms. Huffman will give evidence material to the determination of the issues being litigated.  They suggest that a central issue in this case is comparing the Schneiders' choice of lenders at the time of their refinance.  The Schneiders assert that comparing their potential lenders at the time of the refinance is irrelevant.[22]  They seek to limit discovery to the alleged fact that defendants denied the Schneiders a loan refinance in bad faith.  However, the Schneiders put the comparison of their refinance options at issue in their complaint.  They allege that Home Quest Mortgage was immediately able to find them multiple programs for which they were qualified, when the defendants could, or would not.  They allege that this immediate approval was in part to due to "their debt ratio, property value, and perfect credit."  Because the very basis of plaintiffs' allegations in this case suggest that defendants did not offer the Schneiders a loan refinance when they were qualified, defendants should be able to discover what information these other lenders were given, including the alleged debt ratio, property value, and perfect credit rating, to determine if it varies from the information provided

---

[19] *Koch v. Koch Indus.*, 798 F. Supp. at 1531.

[20] *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004).

[21] *United States v. Oyer*, 2009 WL 773717,  at *1 (citing *LeaseAmerica Corp. v. Stewart*, 876 P.2d 184, 751–52 (Kan. Ct. App. 1994).

[22] Resp. Opposing Mot. to Disqualify Counsel for Randall and Amy Schneider at 3, ECF No. 151.

to defendants.  This information is likely in Ms. Huffman's possession in whatever record system she kept at the time of the refinance.  These documents and Ms. Huffman's testimony about issues related to the refinancing and loan application process are potentially material to the determination of the issues being litigated.  However, the parties are still in the midst of discovery, and the record does not yet establish conclusively the materiality of Ms. Huffman's testimony on these issues.

The second factor requires defendants to show that Ms. Huffman is the sole source of the material evidence in question.  Defendants argue that Ms. Huffman, as the broker who assisted the Schneiders, alone has the knowledge to offer material testimony on the issue.[23]  They state that the Schneiders are not capable of providing the type of specific testimony that is critical to the comparison, because the Schneiders hired Ms. Huffman to find them a loan, something they could not do on their own, and she alone "interacted directly with all of the Schneiders' potential refinancers.[24]  The plaintiffs respond that any evidence Ms. Huffman could provide, could also be provided by other witnesses, including themselves, US Bank, the title company or by defendants.[25]   It is likely that these entities could provide some information related to the refinance, but Ms. Huffman would likely be the only one who could provide testimony about the actions she took on behalf of the Schneiders.  Until additional discovery further develops the factual record, the court cannot find that Ms. Huffman is the only source of this information.

Lastly, Ms. Huffman's testimony must be at least potentially prejudicial to her clients, the Schneiders.  The defendants state that Ms. Huffman's interest is prejudicial to her clients because

---

[23] Mem. in Supp. of Defs.' Mot. to Disqualify Counsel at 4–5, ECF No. 138.

[24] Mem. at 5, ECF No. 138.

[25] Resp. at 7, ECF No. 151.

she was the broker involved with the refinance that is the basis for this suit.  Defendants suggest

that this conflict has already been evidenced by Ms. Huffman's conduct at Kerry Cobb's

deposition (Ms. Cobb was the Schneider's contact at Citicorp Trust Bank fsb when they applied

to refinance their existing Citicorp mortgage loan in 2010),[26] through communications between

counsel that suggest that Ms. Huffman would be willing to eliminate the factual claims for which

she would be required to testify,[27] and because she filed a motion on behalf of the Schneiders  to

quash a subpoena notice that requested discovery from her mortgage company, asserting

arguments that would have more appropriately been filed on behalf of Home Quest.[28]  Plaintiffs

believe that this case will likely not proceed to trial, but will largely be decided at summary

judgment.[29]  The Schneiders suggest that there is no conflict, and include an affidavit requesting

the court not to disqualify Ms. Huffman, because they fear they will not be able to find another

attorney, and that they will not be able to proceed with their case if she is disqualified.[30]  Their

response urges the court to give weight to the fact that Ms. Huffman is their choice of counsel,

and they have a right to be represented by counsel of their choosing.[31]

 In light of this District's cautionary approach in considering motions to disqualify

counsel, and the undeveloped nature of the facts in this case, defendants' motion to disqualify

counsel is denied without prejudice.  This case is still in the pretrial stages.  Although Ms.

---

[26] Mem. at 7, ECF No. 138; 138-4 Ms. Cobb's Affidavit.

[27] Notice of New Facts in Supp. of Defs.' Mot. to Disqualify, ECF No. 146; 146-1 (Ms. Huffman inquires whether Defendants' counsel would oppose an amended complaint that would remove any sections requiring her to act as a witness).

[28] Mem. at 7–10, ECF No. 138.

[29] Resp. at 8, ECF No. 151.

[30] Resp., ECF No. 151-1 The Schneiders' Affidavit dated 10/16/14.

[31] Resp. at 18, ECF No. 151.

Huffman may need to produce documents or be deposed for defendants to discover relevant information about her involvement with procuring plaintiffs' loan, the plaintiffs could retain another lawyer to defend her deposition.  While Ms. Huffman may be a fact witness if this case proceeds to trial, plaintiffs submit that a trial is likely unnecessary to resolve this litigation.  If it is, it would appropriate for the parties to revisit this issue.  Until that time, discovery should continue, to further develop the factual record.  At this time, the parties' briefs do not provide the court adequate information to decide whether Ms. Huffman's testimony is material, whether she is the sole source of the testimony at issue, or whether her testimony would be prejudicial to her clients.

For the above stated reasons, the court does not currently find that a conflict requiring the disqualification of counsel exists; however, the court cautions counsel to remain alert to the possibility that such a conflict could arise.  If it does, counsel should act in a way that will comply with the Kansas Rules of Professional Conduct to avoid any prejudice to the parties and to protect the integrity of the judicial process.

Accordingly,

**IT IS THEREFORE ORDERED** that defendants' Motion to Disqualify Counsel (ECF No. 137) is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' request for oral argument is denied.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge