## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RANDALL A. and AMY L. SCHNEIDER,   )
                            )
         Plaintiffs,        )
                            )
      v.                )         Case No. 13-4094-SAC
                            )
CITIMORTGAGE, INC., et al.,       )
                            )
         Defendants.      )

## ORDER

This matter comes before the court upon Plaintiffs Randall A. and Amy L. Schneider's Motion to Amend Complaint (ECF No. 247). Defendants filed their Memorandum in Opposition on April 30, 2015.[1] No reply was filed. For the reasons outlined below, plaintiffs' motion is denied.

### I.    Background

On May 24, 2013, the Schneiders filed suit in Jefferson County District Court, alleging breach of contract; conversion; fraud; violations of the Equal Credit Opportunity Act "ECOA"; violations of the Real Estate Settlement Procedures Act "RESPA"; and violations of the Kansas Consumer Protection Act "KCPA." The Schneiders' claims allege that defendants wrongfully managed plaintiffs' mortgage loan and that they wrongfully denied the Schneiders a refinance on their loan, for which they were qualified. The defendants removed the case to federal court.

On August 21, 2013, defendants filed a motion to dismiss.[2] In their response, the Schneiders withdrew their claims under the ECOA and the RESPA.[3] On January 21, 2014,

---

[1] Mem. in Opp'n, ECF No. 258.

[2] Mot. to Dismiss, ECF No. 7.

[3] Resp. at 30, ECF No. 13.

District Judge Sam A. Crow granted in part defendants' motion to dismiss.[4]  He dismissed plaintiffs' conversion claim for failure to state a claim, and dismissed the fraud claim as untimely under Kansas' two-year statute of limitations.  He limited the breach of contract claim for interest overcharges to the five years immediately preceding the lawsuit also based on the statute of limitations.  Only plaintiffs' claim for violations of the KCPA and their claim for breach of contract, with the 5-year limitation on interest overcharges, remain.

The court's scheduling order was entered on April 9, 2014.  The parties agreed that the deadline to file any motion for leave to join additional parties or to otherwise amend the pleadings would be April 30, 2014 and the court imposed that deadline.[5]  The Schneiders' motion for leave to amend was not filed until April 16, 2015, almost a year after the deadline. Although other deadlines have been extended in this case, the deadline for motions to amend has not been extended.  The original October 30, 2014 discovery deadline has been extended multiple times.  The final pretrial conference and dispositive motion deadlines have been suspended pending the court's determination of several discovery motions, including this matter.

The Schneiders currently seek to amend their complaint based on events that took place at Barbara Dauster-Adams' deposition in February of 2015.  Ms. Dauster-Adams is employed by defendants and was being deposed as a fact witness.  Plaintiffs believe that Ms. Dauster-Adams' testimony proves defendants acted fraudulently during the past year or so of this case, although they do not provide any portion of the deposition transcript or any document.    Plaintiffs apparently allege that defendants changed records relating to the Schneiders' loan, acted

---

[4] Mem. & Order, ECF No. 20.

[5] Scheduling Order at 11, ECF No. 30.

fraudulently by willfully delaying discovery, and purposefully withheld documents during 2014 and 2015.

Defendants counter that plaintiffs had access to the information they allege to be fraudulent shortly after the parties April 2014 scheduling conference but did not seek to investigate it until 2015.  They suggest that "plaintiffs' questions could have been answered months ago except for plaintiffs' refusal to pursue relevant, focused discovery."[6]  They also point out that plaintiffs' original fraud complaint was dismissed, that the current allegations do not constitute fraud but "read like a discovery complaint letter."[7]  Defendants note that any amendment at this point in the litigation would severely prejudice their defense.[8]

## II.    Legal Standard for Untimely Motions to Amend the Pleadings

When the deadline for amending the pleadings has passed, this district generally applies a two-step approach.[9]  First, the party seeking to amend after the scheduling order deadline must meet the Fed. R. Civ. P. 16(b)(4) good-cause standard.[10]  Only if the court finds that the moving party has shown good cause will it then determine whether the party should be granted leave to amend under Fed. R. Civ. P. 15.

### a.   Legal standard for Rule 16(b)(4)

---

[6] Mem. in Opp'n at 2, ECF No. 258.

[7] *Id.*

[8] *Id.* at 3.

[9] *See, e.g.*, *Kron-CIS GmbH v. LS Indus., Inc.*, No. 12-1473-SAC, 2014 WL 1309068, at *1 (D. Kan. Mar. 28, 2014) (noting, however, that the Tenth Circuit has not yet addressed whether compliance with 16(b)(4) is required). *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)); *Chambers v. Kansas City Kan. Cmty. Coll.*, No. 11-2646-CM-DJW, 2013 WL 2422733, at *1 (D. Kan. June 3, 2013); *Martin K. Eby Constr. Co. v. Onebeacon Ins. Co.*, No. 08-1250-WEB-KGG, 2011 WL 5837234, at *2 (D. Kan. Nov. 21, 2011).

[10] *Id.*

Rule 16(b)(4) states that the scheduling order "may be modified only for good cause and with the judge's consent."[11]  "The good cause standard primarily considers the diligence of the party seeking the amendment."[12]  The party moving to amend "must show that despite due diligence it could not have reasonably met the scheduled deadlines."[13]  "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[14]  "[L]ack of prejudice to the nonmovant does not show 'good cause.'"[15]  "The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[16] If the moving party meets the Rule 16(b)(4) good cause standard, the court considers Fed. R. Civ. P. 15.

### b.  Legal standard for Rule 15(a)[17]

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Whether to grant a motion to amend under Rule 15(a)(2) is

---

[11] *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 508 (D. Kan. 1998) (citing *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

[12] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) (internal quotations omitted).

[13] *Id.* (citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991)).

[14] *Chambers v. Kansas City Kan. Cmty. Coll.*, No. 11-2646-CM-DJW, 2013 WL 2422733, at *1 (D. Kan. June 3, 2013).

[15]*Id.* (citing *Lone  Star Steakhouse and Saloon Inc. v. Liberty Mut. Ins. Grp.*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003)).

[16] *Deghand*, 904 F. Supp. at 1221.

[17] When determining whether it is appropriate for a magistrate judge to deny a motion to amend, this district has distinguished between motions that would be denied based on futility, and those that are denied on other grounds. *Sprint Commc'ns Co. L.P. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D. Kan. Feb. 14, 2014). "A proposed amendment is futile if the amended claim would be subject to dismissal."  *Hunt v. Riverside Transp.*, No. 11-2020-DJW, 2012 WL 1893515, at *3 (D. Kan. May 23, 2012).  "A magistrate judge's denial of a motion to amend for reasons other than futility is a nondispositive order."  *Sprint Commc'ns Co. L.P.*, 2014 WL 588068, at *1 (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011).

within the sound discretion of the court.[18]  "In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule."[19]

### 1.  Undue delay

Undue delay is one justification for denying a party leave to amend but "[e]mphasis is on the adjective: Lateness does not of itself justify the denial of the amendment."[20]  "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."[21]  "Courts evaluate the reasons for the delay and assess whether they amount to excusable neglect."[22]  This is especially the case where the party seeking amendment gives "no adequate explanation for the delay" or where the party "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."[23]

### 2.  Undue prejudice

---

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[19] *Martin K. Eby Constr. Co. v. Onebeacon Ins. Co.*, No. 08-1250-WEB-KGG, 2011 WL 5837234, at *4 (D. Kan. Nov. 21, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[20] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)) (internal quotations omitted).

[21] *Id.* (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)) (internal quotations omitted).

[22] *Deghand*, 904 F. Supp. at 1221 (internal citations omitted).

[23] *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

Undue prejudice to the nonmoving party is the most important factor for the court to consider in determining whether to grant leave to amend the pleadings.[24]  "The Tenth Circuit has found that undue prejudice often occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[25]  In the context of Rule 15, undue prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[26]  "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[27]

### III.  Discussion

#### a.  Rule 16(b)(4)

The Schneiders do not address Rule 16(b)(4) or the good cause standard in their briefing. However, they do indirectly address timeliness as part of their argument for leave under Rule 15, explaining that their proposed fraud claim is based partially on conduct that occurred in 2014 and 2015 and partially on newly discovered evidence.  They claim that the evidence could not have been discovered earlier because defendants resisted and delayed discovery in bad faith.[28]

The court notes that the Schneiders initially asserted a fraud claim but that it was dismissed as barred by the 2-year statute of limitations for fraud in Kansas.  Because the

---

[24] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207–08 (10th Cir. 2006) (citing *United States v. Hougham*, 364 U.S. 310, 316 (1960) (explaining that the purpose of Rule 15 was to facilitate amendment "except where prejudice to the opposing party would result." *Id.*)).

[25] *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1198, 1208 (10th Cir. 2006)).

[26] *Pouncil v. Branch Law Firm*, No. 10-1314-JTM-DJW, 2011 WL 5837230, at *3 (D. Kan. Nov. 21, 2011) (quoting *Carefusion 213, LLC v. Prof. Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010)).

[27] *Id.* (quoting *Patton v. Guyer*, 443 F.2d 29, 86 (10th Cir. 1971)).

[28] Mem. in Supp. For First Am. of Compl. at 3, ECF No. 248.

plaintiffs' initial fraud claim was dismissed, the court construes plaintiffs' current motion to allege that defendants have engaged in fraudulent conduct during the pendency of this action, specifically, during 2014–2015.  The Schneiders' proposed fraud claim seems to relate not to the Schneiders' underlying claims, but instead to alleged misrepresentations made by defendants during discovery; their alleged failure to produce documents; and their alleged spoliation of relevant discoverable information.

The Schneiders fail to show that they could not have met the deadline acting with due diligence.  They assert that defendants delayed discovery and that newly discovered evidence gave rise to the motion to amend.  They claim that they first learned of the fraud at Barbara Dauster-Adams' deposition in February of 2015.  Ms. Dauster-Adams is employed by defendants and was being deposed as a fact witness.  The court has not been provided a deposition transcript, but presumably, Ms. Dauster-Adams testified about her personal knowledge of the Schneiders' loan.  The plaintiffs claim that Ms. Dauster-Adams' testimony suggested that the Schneiders' mortgage records do not match defendants' records.  Additionally, plaintiffs seem to suggest that additional information that forms the basis for their proposed amendment was produced on April 15, 2015, the day before they filed their motion for leave to amend.[29] Defendants respond that the discovery was part of its timely response to plaintiffs' discovery requests served March 8, 2015.[30]  Defendants also challenge plaintiffs' assertion that they had no knowledge of the documents, which allegedly do not match the Schneiders' mortgage records, prior to Ms. Dauster-Adams' deposition.  They claim to have produced versions of the summarized payment history months before the deposition.  The court is unable to evaluate when

---

[29] These responses were actually served on April 10, 2015 according to the docket. Notice, ECF No. 241.  The plaintiffs do not explain what these documents are.

[30] Notice of Service, ECF No. 224.

the Schneiders first knew or should have known of the documents or misrepresentations that are the subject of their proposed amendment because they do not provide the court with any documentation.   In any case, the court has previously found a party's unexplained 1.5 month delay in seeking leave to amend under similar circumstances contrary to a showing of due diligence.[31]  Even if the deposition revealed what the Schneiders believe to be fraudulent conduct, they have not explained why they waited two months, from mid-February to mid-April, to file their motion for leave to amend.

The parties have continually blamed each other for their failure to cooperate and efficiently complete discovery in this case.  The Schneiders' explanation for their failure to seek to amend earlier is no exception.  Defendants respond that "all of plaintiffs' questions could have been answered months ago except for plaintiffs' refusal to pursue relevant, focused discovery."[32] The court finds this finger-pointing unpersuasive.  The parties share responsibility for discovery delays and disputes in this case.  For example, plaintiffs have consistently requested information that exceeds the relevant timeframe and scope of this litigation, causing objections, court intervention, and, ultimately, delay.  It seems that the Schneiders' position regarding fraud, occurring as early as 2014, was capable of being discovered far earlier.

At the February 9, 2014 telephone conference, the court allowed plaintiffs the opportunity to reissue written discovery.  This limited additional discovery was authorized on the condition that plaintiffs would appropriately narrow their requests to seek discovery relevant to this case.  Had the Schneiders issued appropriate requests initially, defendants would have been required to respond within 30 days.  The Schneiders did not issue discovery requests until

---

[31] *Kron-CIS GmbH v. LS Indus., Inc.*, No. 12-1473-SAC, 2014 WL 1309068, at *1 (D. Kan. Mar. 28, 2014).

[32] Mem. in Opp'n at 2, ECF No. 258.

August 24, 2014,[33] four months after the deadline for motions to amend.  It is disingenuous for the Schneiders to suggest that defendants' delay is the sole cause for their failure to meet the deadline for motions to amend.  This is especially the case because the Schneiders never sought an extension of the deadline and waited at least two months after discovering the alleged fraud to file a motion for leave to amend.  The court finds that the Schneiders have not shown good cause to extend the scheduling order under Rule 16(b)(4) and their motion for leave to amend the complaint is therefore denied as untimely.

### b.  Rule 15(a)

Even if the Schneiders had addressed and met the good cause standard to amend under Rule 16(b)(4), they would still have to meet the standard for leave to amend under Fed. R. Civ. P. 15.   Rule 15(a)'s undue delay analysis is similar to Rule 16(b)(4)'s good cause analysis discussed above.[34]  The Schneiders have not provided an adequate explanation for their failure to file their motion until nearly a year after the deadline for motions to amend and two months after the event they claim informed them of the facts underlying the proposed amendment.  They suggest only that defendants' delays have otherwise impeded their discovery.  As discussed above, the court finds plaintiffs equally responsible for the failure to expeditiously resolve this case.  For these and the above stated reasons, the court denies plaintiffs' motion on the basis of undue delay.

The Schneiders' proposed amendment would also unduly prejudice defendants.  It comes too late in this litigation.  After several extensions, discovery is finally closed.  If any additional

---

[33] Notice, ECF No. 86.

[34] *Kron-CIS GmbH v. LS Indus., Inc.*, No. 12-1473-SAC, 2014 WL 1309068, at *2 (D. Kan. Mar. 28, 2014) (citing *Five Rivers Cattle Feeding, LLC . KLA Envtl. Servs., Inc.*, No. 08-2185-EFM, 2010 WL 2609426, at *3 (D. Kan. June 25, 2010)).

discovery is to take place in this case, it will be as a result of the court's orders on several

pending discovery disputes.  Allowing the amended fraud claim would require the court to re-

open discovery because it raises significant new factual issues.

 The factual basis for plaintiffs' original complaint involves the Schneiders' 2007

residential mortgage loan and its 2010 refinance with U.S. Bank.  The court has explicitly limited

the temporal scope of discovery in this case to those events.  Allowing the new claim, which is

based on events that took place at least four years later, would require reopening discovery.

Reopening discovery would again delay the final pretrial conference, dispositive motions, and

trial.  The litigation in this case must, at some point, come to a resolution.   The court finds that

the undue prejudice to defendants and protracted delay that would result from allowing

plaintiffs' proposed amendment outweigh any interest in allowing plaintiffs to amend their

complaint.

### c.  The Schneiders' miscellaneous amendments

 The Schneiders superficially mention that in addition to adding a new claim for fraud,

their proposed amended complaint also "more clearly defines damages, adjusts the KCPA

penalties to conform to the statutory amendments which currently apply, and also punitive

damages."  The court notes that these other amendments are extensive.  Many appear to be

simple corrections but others add entire paragraphs of substantive allegations.   The briefing

makes no attempt to identify these changes, explain why they are proposed, or why they are

appropriate.

 As noted above, at no point in the briefing do the Schneiders mention Rule 16(b), the

good cause standard, or make arguments in support of it.  The Schneiders offer no explanation

for their failure to amend the complaint prior to the scheduling order deadline with respect to

these amendments.  As plaintiffs have failed to make any showing in this respect, their motion for leave to amend with respect to these miscellaneous changes also is denied.[35]

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Amend Complaint (ECF No. 247) is denied.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2016, at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[35] The Schneiders also fail to address the standard to amend under Rule 15 with regard to these proposed amendments.