**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RANDALL A. and AMY L. SCHNEIDER,   )
                                         )
                  Plaintiffs,          )
                                         )
           v.                      )        Case No. 13-4094-SAC
                                         )
CITIMORTGAGE, INC., et al.,         )
                                         )
              Defendants.       )

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the court upon defendants' Motion for Leave to Depose Plaintiffs' Counsel (ECF No. 239).  Plaintiffs, Randall A. and Amy L. Schneider, oppose the deposition of their attorney, Donna Huffman.[1]  For the below stated reasons, the motion is granted.

**I.    Background**

This case involves the circumstances surrounding plaintiffs Randall A. and Amy L. Schneider's 2010 loan refinance.  In their complaint, the Schneiders assert claims for breach of contract and Kansas Consumer Protection Act (KCPA).[2]  At issue is defendants' conduct surrounding the Schneiders' loan refinancing, particularly, whether defendants wrongfully denied a refinance and/or otherwise illegally interfered with plaintiffs' refinancing through another lender, and/or imposed illegal fees and penalties on them.  In their complaint, the Schneiders make factual allegations, including: that defendants told the Schneiders that they did not qualify for a refinance; that they were charged numerous illegal fees; that after being denied the Citi refinance, "the Schneiders came to local lender Home Quest Mortgage and applied for a

---

[1] Resp. in Opp'n to Mot., ECF No. 255.

[2] Notice of Removal, ECF 1-1 Pls.' Pet. at 7.

loan where they qualified for multiple programs due in part to their debt ratio, property value, and perfect credit;" and that soon after, "Citi began to show their colors and insincerity on the 'lack of qualification' for a loan when . . . they began calling and soliciting the Schneiders for a loan refinance."[3] The Schneiders allege that defendants attempted to hinder their refinance with Home Quest by imposing a prepayment penalty, by changing and increasing the amount due on the loan, and its status.

Defendants deny these allegations and argue that they are entitled to conduct discovery to determine their validity; including whether the Schneiders were in fact "immediately approved and closed the [U.S. Bank] loan . . . *with no change in circumstance* except the knowledge by the order of the 'payoff' by competitor mortgage company Home Quest."[4] Plaintiffs' counsel, Ms. Huffman, is the owner and registered agent of Home Quest Mortgage, LLC.[5] She was also the broker who serviced the Schneiders on their 2010 loan refinance. She also told Kerry Cobb, Defendant Primerica's representative, that she was the one who found the Schneiders a better loan with U.S. Bank.[6]

The court previously denied without prejudice defendants' motion to disqualify plaintiffs' counsel.[7] Defendants have conducted additional fact discovery and now seek to depose Ms. Huffman because of her involvement as plaintiffs' broker on their loan refinance.

**II.     Discussion**

---

[3] Notice of Removal, ECF 1-1 Pls.' Pet. at 6–7.

[4] Notice of Removal, ECF 1-1 Pls.' Pet. at 9. (emphasis added).

[5] Kansas Business Center, Business Entity Search for Home Quest Mortgage *available at* https://www.kansas.gov/bess/flow/main?execution=e1s5.

[6] Reply in Supp. of Defs.' Mot. for Leave to Depose Pls.' Counsel at 4, ECF No. 269.

[7] Mem. & Order, ECF No. 166.

Defendants seek to depose Ms. Huffman because they contest plaintiffs' timeline of events surrounding the refinance of their residential mortgage loan in 2010.  Defendants contend that they did not originally refuse to refinance plaintiffs' loan.  Instead they allege that plaintiffs decided to engage Ms. Huffman as their agent and to refinance through another lender. Defendants seek Ms. Huffman's testimony about her representation of plaintiffs as their agent. Specifically, defendants seek to clarify the timeline of events surrounding plaintiffs' loan refinance and what information Ms. Huffman provided to U.S. Bank, the institution that ultimately refinanced plaintiffs' loan.

In response to defendants' motion, plaintiffs argue that Ms. Huffman should not be deposed because defendants have not shown "that they have any information that they need that cannot be obtained from another source."[8]  Plaintiffs assert that any information that defendants might need from Ms. Huffman was already provided by Kansas Secured Title or Home Quest Mortgage, LLC.[9]  Plaintiffs also rely somewhat on the court's previous decision not to disqualify counsel to support their argument that Ms. Huffman should not now be deposed.  The court disagrees.

The Federal Rules of Civil Procedure do not prohibit the deposition of opposing counsel.[10]  Fed. R. Civ. P. 30(a)(1) allows a party to depose any person.  The court does take a cautionary approach to allowing the deposition of opposing counsel because of the potential for abuse by "inviting delay, disruption of the case, harassment, and unnecessary distractions into

---

[8] Resp. at 1, ECF No. 255.

[9] *Id.*

[10] *Buth c. AAA Allied Grp. Inc.*, No. 12-1223-JWL-DJW, 2013 WL 1308543, at *1 (D. Kan. Mar. 28, 2013).

collateral matters."[11]   However, a party seeking to depose opposing counsel as a fact-witness may not be required to make a heightened showing.[12]   The rationale of these cases turns on the purpose for the deposition.  The important distinction is whether the party seeking the deposition of opposing counsel seeks testimony relating to the facts of the underlying case, or alternatively, relating to opposing counsel's role as an attorney in the case.  Here, defendants seek to depose Ms. Huffman regarding the events that gave rise to the claims at issue in the case.  They seek to ask her about her knowledge and representation of the Schneiders in their 2010 loan refinance. The proposed deposition would concern the circumstances of the loan refinance and not Ms. Huffman's legal advice to the Schneiders in the context of this case.

Even considering the heightened standard typically required for deposing opposing counsel, the court would still allow the deposition.  The Tenth Circuit has adopted the Eighth Circuit's decision in *Shelton v. American Motors Corporation*,[13] which provides criteria for the court to consider when determining whether to allow the deposition of opposing counsel.[14]   The Eighth Circuit in *Shelton*, suggested that opposing counsel should only be deposed "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel . . . (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.[15]

---

[11] *Id.* (citing *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 389 (D. Kan. 1990) ) (internal quotations omitted).

[12] *See, e.g., Fugett v. Sec. Transp. Servs., Inc.*, No. 14-2291-JAR-KGS, 2015 WL 419716, at *3 (D. Kan. Feb. 2, 2015); *Kannady v. Ball*, No. No. 12-2742-RDR-KGS, 2013 WL 3820013, at *3 (D. Kan. July 24, 2013).

[13] 805 F.2d 1323, 1327 (8th Cir. 1986).

[14] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1112 n.15 (10th Cir. 2001).

[15] *Shelton*, 805 F.2d at 1327.

First, defendants must show that no other means exist to obtain the information they seek except to depose Ms. Huffman.  Defendants claim that Ms. Huffman's testimony is necessary because she has personal first-hand knowledge of the circumstances surrounding plaintiffs' 2010 loan refinance.  Although Kansas Secured Title and Home Quest Mortgage have produced documents and the Schneiders have provided testimony describing what they know of the events that occurred, defendants contend that the Schneiders were unable to identify what financial information was submitted to U.S. Bank.[16]  Defendants allege that plaintiffs were unable to answer questions about how the information submitted to defendants was different than what was submitted to U.S. Bank.  As the Schneiders' broker, Ms. Huffman appears to be the only person available to testify about what information was submitted to which lenders and when it was submitted.

Defendants must also show that the information sought is within the permissible scope of discovery under Federal Rule of Civil Procedure 26(b).  The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."[17]  Defendants seek to depose Ms. Huffman because they believe she may have information that would support their theory of what occurred around the time of plaintiffs' 2010 loan refinance.  There is no dispute that Ms. Huffman was the owner of Home Quest Mortgage at the time of plaintiffs refinance and that she acted as plaintiffs' broker at that time.  Ms. Huffman's testimony about her representation of plaintiffs as their agent is relevant to defendants' contentions.

---

[16] Defs.' Mot. for Leave to Depose Pls.' Counsel at 3, ECF No. 239.

[17] Fed. R. Civ. P. 26(b)(1).

"The attorney-client privilege protects confidential communications between an attorney and client which occur in the course of giving or requesting legal advice."[18]  It "protects only communications and does not protect the underlying facts."[19]  Because defendants seek to depose Ms. Huffman concerning facts that occurred prior to the establishment of an attorney-client relationship, the attorney-client privilege is not implicated.

Under the third criterion, the court considers whether the information sought at Ms. Huffman's deposition is crucial to the preparation of defendants' case.[20]  Defendants have shown, and plaintiffs agree, that Ms. Huffman was plaintiffs' agent for the 2010 loan refinance that is at issue in this case.  Plaintiffs claim that defendants wrongfully denied their loan refinance application.  Defendants seek to discredit plaintiffs' theory by demonstrating that the Schneiders decided to hire Ms. Huffman and chose a different financial institution to refinance their loan, choosing U.S. Bank over defendants.  Ms. Huffman's testimony on that point, as plaintiffs' agent and the individual with specialized knowledge about the transactions that occurred, appears crucial to defendants' defense.

For these reasons, the court grants defendants' motion.  Nothing in this order shall be construed to prohibit any properly raised attorney-client privilege or work-production objections asserted in response to specific questions during Ms. Huffman's deposition.  The parties shall confer and set a date for Ms. Huffman's deposition, which shall take place on or before February 19, 2016.

Accordingly,

---

[18] *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 669 (D. Kan. 2001).

[19] *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 3611665, at *3 (D. Kan. July 22, 2014).

[20] *Shelton*, 805 F.2d at 1327.

6

**IT IS THEREFORE ORDERED** that defendants' Motion for Leave to Depose

Plaintiffs' Counsel (ECF No. 239) is granted.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius ____
K. Gary Sebelius
U.S. Magistrate Judge
