IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. and AMY L. SCHNEIDER, )
)
        Plaintiffs, )
)
v. ) Case No. 13-4094-SAC
)
CITIMORTGAGE, INC., et al., )
)
        Defendants. )

**ORDER**

This matter comes before the court upon plaintiffs' Motion for Conference (ECF No. 228) and defendants' Motion for Protective Order and/or to Quash Plaintiffs' Deposition Notice to Defendants (ECF No. 232). For the reasons discussed below, the plaintiffs' motion is denied, and defendants' motion is denied without prejudice.

    **I.**    **Background**

Plaintiffs, Randall A. Schneider and Amy L. Schneider, bring claims against defendants, CitiMortgage, Inc.; Citibank, National Association; Citigroup, Inc.; and Primerica Financial Services Home Mortgages, Inc., for breach of contract and for violations of the Kansas Consumer Protection Act. The claims involve defendants' alleged misconduct in handling the Schneiders' residential mortgage loan, specifically their 2010 loan refinance. The Schneiders allege that they were wrongfully assessed overcharges and fees and were denied a loan refinance for which they were qualified.

The current dispute involves the Schneiders' notice to take defendants' 30(b)(6) depositions.[1] The dispute, in many respects, is not a new one. Since at least August 14, 2014,

---
[1] Notice, ECF No. 227.

the Schneiders have sought to take the deposition of defendants' corporate representatives.[2]  In response to the Schneiders' deposition notices, defendants have moved for protective orders based on substantially similar overbreadth, undue burden, and relevance arguments.[3]  Because the Schneiders withdrew their first two notices to take corporate depositions, this is the first time the matter is officially before the court for resolution.

The court has, however, provided the parties guidance on the issue at prior status conferences.  On February 9, 2015, the court held a telephone status conference to address several pending discovery motions.[4]  At that time, the court instructed plaintiffs' counsel that the Schneiders' topics and discovery requests were generally over-broad and that they could not seek "the universe" of information from defendants.  It specifically instructed the Schneiders to narrow the scope of their deposition topics and discovery requests to the issues and parties involved in this case.  The topics were not to request information about other consumers' loans, defendants' practices except to the extent that they were related to plaintiffs' specific claims, and they were to be narrowed temporally and substantively to the specific claims still at issue in this case.  The defendants are huge institutions that offer a variety of loans and products to a variety of customers.  The only loan at issue in this case is plaintiffs' loan.

## II.     The Schneiders' Motion for Conference

Plaintiffs seek a conference with the court to assist the parties with scheduling their corporate depositions and to help them resolve their 30(b)(6) topic dispute.[5]  Throughout this litigation the parties have failed to cooperatively resolve disputes.  In this instance, despite the

---

[2] Notice, ECF No. 81.

[3] Mot. for Protective Order, ECF No. 124; Mot. for Protective Order, ECF No. 207.

[4] Order, ECF No. 217.

[5] Mot. for Conference, ECF No. 228.

court's guidance at a prior telephone conference and telephone and e-mail correspondence between counsel, the parties have not been able to come to any agreement on topics and once again require the court to resolve their differences.  The court finds that a telephone conference at this juncture would not aid in the determination of these matters and denies plaintiffs' motion for conference.  The parties shall follow the court's instructions to cooperatively resolve their dispute over topics, and they shall find a date for corporate depositions within the parameters provided in this order.

### III.    Defendants' Motion for Protective Order

Because both the Schneiders' 30(b)(6) deposition notice fails to comply with the court's prior directives and the defendants' motion for protective order does not show cause justifying the entry of a protective order, the court orders the parties to take the following remedial actions. First, the parties shall make a good faith effort to resolve their disputes about plaintiffs' topics with the added guidance provided in this order.  This conference shall take place either in person or on the phone, not via e-mail.  Then, on or before **February 22, 2016**, following the parties' conference, plaintiff shall file a corrected 30(b)(6) notice that comports with this order.  Absent further order by the court, any 30(b)(6) depositions shall be completed on or before **March 21, 2016**.

The notice shall be more narrowly tailored to comply with Fed. R. Civ. P. 30(b)(6)'s requirement that the topics be described with "reasonable particularity."  During their conference, both parties should bear in mind that "In order for Rule 30(b)(6) to function effectively, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in

court's guidance at a prior telephone conference and telephone and e-mail correspondence between counsel, the parties have not been able to come to any agreement on topics and once again require the court to resolve their differences.  The court finds that a telephone conference at this juncture would not aid in the determination of these matters and denies plaintiffs' motion for conference.  The parties shall follow the court's instructions to cooperatively resolve their dispute over topics, and they shall find a date for corporate depositions within the parameters provided in this order.

### III.    Defendants' Motion for Protective Order

Because both the Schneiders' 30(b)(6) deposition notice fails to comply with the court's prior directives and the defendants' motion for protective order does not show cause justifying the entry of a protective order, the court orders the parties to take the following remedial actions. First, the parties shall make a good faith effort to resolve their disputes about plaintiffs' topics with the added guidance provided in this order.  This conference shall take place either in person or on the phone, not via e-mail.  Then, on or before **February 22, 2016**, following the parties' conference, plaintiff shall file a corrected 30(b)(6) notice that comports with this order.  Absent further order by the court, any 30(b)(6) depositions shall be completed on or before **March 21, 2016**.

The notice shall be more narrowly tailored to comply with Fed. R. Civ. P. 30(b)(6)'s requirement that the topics be described with "reasonable particularity."  During their conference, both parties should bear in mind that "In order for Rule 30(b)(6) to function effectively, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in

dispute."[6]  "This is because the business entity has a duty to produce a deponent competent to testify about"[7] each noticed topic.  "The effectiveness of the Rule bears heavily upon the parties' reciprocal obligations.  Only when the requesting party has 'reasonably particularized' the subjects about which it wishes to inquire can the responding party produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry."[8]  "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."[9]  Plaintiffs must narrow the scope of their topics so that it is feasible for the defendants to prepare representatives to testify about them.

The Schneiders' current notice contains impermissibly broad topics that fail to comply with the court's prior directive limiting discovery in this case, and it is formatted in a nearly unreadable manner.  For example, the topics include a request for testimony on "all documents and materials produced by defendants in response to discovery requests." As a practical matter, the scheduling order limits depositions in this case to 7 hours,[10] and the Schneiders are regularly informing the court of their limited resources.  It seems impossible that the Schneiders actually intend to depose defendants on each page of the thousands of documents which have been produced.  At this point in the litigation, plaintiffs have the ability to more specifically identify the documents about which they require testimony.

The current notice also violates the court's prior directive to limit discovery to the claims still at issue in this case.  The court directed plaintiffs to limit their discovery to information

---

[6] *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146-CM-DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (quoting *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008)) (internal quotations omitted).

[7] *Cotton*, 2013 WL 3819975, at * 1.

[8] *Lipari*, 2008 WL 4642618, at *5 (quoting *Lee v. Nucor-Yamato Steel Co. LLP*, No. 3:07CV00098 BSM, 2008 WL 4014141, at *3 (E.D. Ark. Aug. 25, 2008) (internal quotations omitted).

[9] *Id.*

[10] Scheduling Order at 9, ECF No. 30.

relevant to their loan refinance, the specific type of loan they had with defendants and the policies and procedures that applied to their interactions with defendants.  Plaintiffs were not to request information about defendants' policies and procedures generally or their loans generally or other borrowers. Although plaintiffs' response certifies that they have attempted to do so in their topics and will do so at the 30(b)(6) depositions,[11] several topics seem to request this improper information.  For example, Topic number 6 on page 4 requests a representative to testify about "All policies and procedures relating to assessment of pre-payment penalties in Kansas loans . . ."[12]  The Schneiders should closely review their topics and narrow their scope to request only information relevant to their claims in this case.

Finally, the formatting of the Schneiders' notice renders it almost unusable.  It does not even have sequentially numbered paragraphs.  Topic numbers are repeated multiple times and out of numerical order, and portions of text are stricken through as if meant to be deleted.  Numbering multiple topics with the same number made reviewing the topics more difficult.  For example, where defendants did identify specific topics, the court had to determine which of several same-numbered topics were referenced.  Many of the topics are followed by parenthetical commentary that is unnecessary and distracting.  All of these formatting irregularities should be corrected so that the notice can be evaluated on the merits.

If following plaintiffs renewed notice, defendants still seek a protective order, the parties shall again confer regarding defendants' objections and promptly seek to resolve their dispute.  Only after the parties have conducted this second, good-faith discussion will the court consider any additional motion on the issue.  If briefing is necessary, the defendants shall list the topics

---

[11] Resp. at 4–5, ECF No. 243.

[12] Notice at 4, ECF No. 227-1 (There are several topics that appear improper for this reason.  Any topic requesting policy and procedure testimony shall be limited to the Schneiders' loan.  They will not request information about loans or programs generally, or loans in Kansas, or other consumers' loans.).

for which they seek a protective order by number.  Then for each topic they shall be required to show good cause why the court should issue a protective order under Federal Rule of Civil Procedure 26(c)'s enumerated categories: annoyance, embarrassment, oppression, or undue burden or expense.

Where, as here, the inclusion of potentially objectionable topics within the notice would not justify the entry of a protective order prohibiting the entire deposition, the court, if necessary, will review individual topics for which an unresolved objection has been made as part of a motion for a protective order and determine whether such topics should be limited or stricken.[13] Defendants' current motion contains, for the most part, only general objections that do not apply to every topic in plaintiffs' notice.  Except for very few examples, the motion does not identify which topics allegedly warrant the entry of a protective order.  The court is left guessing what grounds defendants assert in support of protection from which topics.  Where the defendants do cite to specific topic numbers, there are often multiple topics with that number.  The court will not make an *ad hoc* review of plaintiffs' notice, and therefore denies defendants' current motion without prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Conference (ECF No. 228) is denied.

**IT IS FURTHER ORDERED** that defendants' Motion for Protective Order and/or to Quash Plaintiffs' Deposition Notice to Defendants (ECF No. 232) is denied without prejudice.

**IT IS FURTHER ORDERED** that on or before **February 22, 2016**, following the parties' good faith conference to resolve their disputes, plaintiffs shall file a revised 30(b)(6)

---

[13] *See, e.g.*, *Tomelleri v. Zazzle, Inc.*, No. 13-2576-EFM-TJJ, 2014 WL 7071573 (D. Kan. Dec. 12, 2014) (addressing topics individually or in related groups by number); *Cotton v. Costco Wholesale Corp.*, No. 12-2731-JWL-KGS, 2013 WL 3819975 (D. Kan. July 24, 2013) (same).

deposition notice, correcting the formatting and substantive issues identified in this order. Absent further order by the court, any 30(b)(6) depositions shall be completed on or before **March 21, 2016**.

    **IT IS SO ORDERED.**

    Dated this 28th day of January, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
