IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. and AMY L. SCHNEIDER, )
                                              )
        Plaintiffs, )
                                              )
    v. ) Case No. 13-4094-SAC
                                              )
CITIMORTGAGE, INC., et al., )
                                              )
        Defendants. )

## MEMORANDUM & ORDER

This matter comes before the court upon Certain Defendants' Motion for Protective Order From Plaintiffs' Written Discovery (ECF No. 237). Defendants Citigroup, Inc. and Primerica Financial Services Home Mortgages, Inc. request that the court enter a protective order, alleviating them of the obligation to respond to plaintiffs' written discovery requests. For the below stated reasons, defendants' motion is denied.[1]

**I.    Background**

Plaintiffs, Randall A. Schneider and Amy L. Schneider, bring claims against defendants, CitiMortgage, Inc.; Citibank, National Association; Citigroup, Inc.; and Primerica Financial Services Home Mortgages, Inc., for breach of contract and for violations of the Kansas Consumer Protection Act ("KCPA"). The claims involve defendants' alleged misconduct in handling the Schneiders' residential mortgage loan, and their 2010 loan refinance. The

---

[1] Plaintiffs filed a Consent Notice of Filing Exhibits more than a month after filing their initial brief in this matter. Defendants consented to plaintiffs filing their exhibits late but the plaintiffs never sought leave of court to do so. All exhibits should be filed with the motion or memorandum they support. The court will not review any exhibits that are not explicitly referenced with specific page numbers. Additionally, D. Kan. Rule 5.4.5 states that "A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter before the court." The parties in this case often submit voluminous exhibits without reference to which portions they specifically refer in violation of this rule.

Schneiders allege that they were wrongfully assessed overcharges and fees and that they were denied a loan refinance for which they were qualified.

The current dispute involves written discovery requests that plaintiffs served on defendants on March 8, 2015.[2] The requests consisted of interrogatories, requests for production of documents, 25 requests for admissions from Mr. Schneider, and 20 from Ms. Schneider.[3] The requests were sent to defendants "combined."[4] On April 10, 2015, Defendants CitiMortgage, Inc. and Citibank, National Association served responses to plaintiffs' requests.[5] Also on April 10, 2015, Defendants Citigroup, Inc. and Primerica Financial Services Home Mortgages, Inc. filed their motion for protective order seeking a court order quashing plaintiffs' written discovery in its entirety with respect to them.[6]

## II. Legal Standard

Federal Rule of Civil Procedure 26(c) governs protective orders. It states that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[7] "The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required but the party moving for a protective order has the burden to show good cause for it.[8] The party must "make a particular

---

[2] Notice of Service, ECF No. 224.

[3] *Id.*

[4] *Id.*

[5] Certificate of Service, ECF No. 241.

[6] Certain Defs.' Mot. for Protective Order from Pls.' Written Disc., ECF No. 237.

[7] Fed. R. Civ. P. 26(c)(1).

[8] *Miller v. Union Pac. R.R. Co.*, No. 06-2399-JAR-DJW, 2008 WL 4724471, at *2 (D. Kan. Oct. 24, 2008) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*,

and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]  "This typically means that the party seeking a protective order based on undue burden or expense must submit affidavits or other detailed explanation as to the nature and extent of the claimed burden or expense."[10]

The court may only enter a protective order if it falls into one of the enumerated Fed. R. Civ. P. 26(c) categories.[11]  This means that the moving party must specifically show that an order is necessary to protect it from either: annoyance; embarrassment; oppression; undue burden; or expense.[12]  Relevance and overbreadth objections are not grounds upon which the court may enter a protective order unless they are used to support one of the enumerated 26(c) categories.[13]

For example, prior decisions in this district recognize that responding to irrelevant discovery "may constitute an undue burden sufficient for a protective order."[14]  Fed. R. Civ. P. 26(b)(1) describes the scope of discovery, explaining that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

---

467 U.S. 20, 36 104 S.Ct. 2199 (1984))) (internal quotations omitted); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[9] *Aikens,* 217 F.R.D. at 536 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)) (internal quotations omitted).

[10] *Id.* at 536–37.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 534–35.  *See also*, *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-TJJ, 2014 WL 1910059, at *3 (D. Kan. May 13, 2014).

[14] *Cotton v. Costco Wholesale Corp.*, No. 12-2731-JWL-KGS, 2013 WL 3819975, at *2 (D. Kan. July 24, 2013) (quoting *CitiMortgage, Inc. v. Sanders*, No. 11-2540-EFM-GLR, 2012 WL 6024641, at *3 (D. Kan. Dec. 4, 2012).

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.[15]

### III. Discussion

The moving defendants, Citigroup and Primerica, argue that the Schneiders' written discovery is unduly burdensome because they were never involved in servicing plaintiffs' loan and the discovery requests were issued to defendants collectively, requiring a response from each defendant to each request.[16] They assert that Citigroup's relationship to the other defendants is publically available on the National Information Center ("NIC") website, and that because this is the only reason the Schneiders would need discovery from Citigroup, the court should excuse Citigroup from the burden of responding to plaintiffs' discovery.

Plaintiffs respond that District Judge Crow denied without prejudice Defendants Citigroup and Primerica's motion for summary judgment, based on Ms. Huffman's Federal Rule of Civil Procedure 56(d) affidavit. The court decided to allow the Schneiders "the opportunity to discover the unusual facts necessary to hold" Defendants Citigroup and Primerica liable, before deciding a motion for summary judgment on the merits.[17] Specifically, the court noted that the affidavit was "sufficient to show a plausible basis for [Donna Huffman's] belief that outstanding discovery may lead to evidence sufficient to raise a genuine issue whether either of these companies is liable for the acts alleged in the complaint."[18] The Schneiders argue that the

---

[15] Fed. R. Civ. P. 26(b)(1).

[16] Mem. in Supp. of Mot. at 6, ECF No. 238.

[17] Mem. & Order at 5, ECF No. 147.

[18] *Id.* at 4.

4

defendants must now respond to their written discovery requests, so that plaintiffs are afforded "the opportunity to discover facts to support their position."[19] The Schneiders also note that although information about the defendants' corporate structure may be available on the NIC website, it is not easily accessible, and defendants' counsel was unable to explain the website, or what it proves, to plaintiffs' counsel.

Additionally, the Schneiders suggest that a few documents relating to the Schneiders' loan have either Primerica or Citigroup's names on them, showing that these defendants may have had some connection to the servicing of plaintiffs' loan or to plaintiffs' refinance application. Plaintiffs mention that Primerica was involved, at least to some extent, through its representative Kerry Cobb, around the time the Schneiders sought to refinance in 2010. The Schneiders argue that they should not be required to rely on representations by defendants' counsel or the NIC website.[20] They feel they are entitled to issue written discovery to both Citigroup and Primerica to have them "explain their role and all of their contact."

The court agrees. The Federal Rules of Civil Procedure require production of documents "in the responding party's possession, custody, or control."[21] The party seeking production of documents bears the burden of proving that the opposing party has the control required under Federal Rule of Civil Procedure 34(a).[22]

> Control comprehends not only possession but also the right, authority, or ability to obtain the documents. Specifically, Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual

---

[19] Resp. at 8, ECF No. 256.

[20] *Id.*

[21] Fed. R. Civ. P. 34(a)(1).

[22] *Noaimi v. Zaid*, 283 F.R.D. 639, 641 (D. Kan. 2012) (quoting *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516 (2007) (citing *Super Film America, Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 653 (D. Kan. 2004)).

possession, custody or control or has the legal right to obtain the documents on demand. However, legal ownership is not determinative of whether a party has custody, possession, or control of a document for the purposes of Rule 34.[23]

The Schneiders make no specific argument that defendants have custody, possession, or control of any particular documents they seek. But the moving defendants are still parties to this lawsuit, and plaintiffs are entitled to responses to their written discovery. If defendants lack the information or knowledge to respond to plaintiffs' interrogatories or the other written discovery requests, their corporate representatives shall answer and respond making statements to that extent, under oath, and set out in detail the efforts made to obtain the information.[24]

Defendants Primerica and Citigroup have failed to make a particular and specific demonstration of fact that would allow the court to conclude that responding to the Schneiders' written discovery would result in an undue burden or expense, justifying the entry of a protective order. They do not provide affidavits or any detailed explanation of the nature and extent of the claimed burden or expense.[25] They generally argue that the discovery is overbroad and irrelevant because the court specifically directed this round of discovery to be more focused on the claims still remaining in this suit. They claim that plaintiffs' second set of discovery requests are "largely identical" to those previously served, violating the court's directive to revise and limit their scope. Defendants do not expand on this argument, leaving any comparison or analysis of the plaintiffs' requests to the court without their direction or assistance. Defendants

---

[23] *Ice Corp. v. Hamilton Sunstrand Corp.*, 245 F.R.D. at 516–517 (quoting *Super Film of America*, 219 F.R.D. at 653; *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 692 (D. Kan. 2000); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 307 (D. Kan. 1996); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 950282, at *16 (D. Kan. Mar. 26, 2007); *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992) (internal quotations omitted)).

[24] *Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV-DJW, 2010 WL 4822564, at * 14 (D. Kan. Nov. 22, 2010) (citing *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991) (quoting *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977)).

[25] *See, e.g.*, *Aikens,* 217 F.R.D. at 536–37.

do not identify which requests they claim to be irrelevant. The court will not review plaintiffs' requests to see which, if any, might violate the scope of allowable discovery in this case. It is defendants' burden to clearly identify those requests for which they seek a protective order and to show good cause for it.

Defendants identify only Requests for Production Numbers 3 and 7 as examples of the "expansive, indiscriminate discovery" plaintiffs issued to all defendants.[26] Request for Production Number 3 seeks "All payoff statements or statements confirming receipt of some amount of payoff funds on the Loan that CitiMortgage sent dated January 1, 2010 to August 31, 2010."[27] Request for Production Number 7 requests "All documents that reflect, refer to, or evidence communications sent or received by You (CitiMortgage) and the Schneiders January 1, 2010 to August 31, 2011 relating to the Loan. This includes all manner of written communication, including without limitation monthly mortgage statements, correspondence, collection-related letters, and the like."[28]

Although the discovery was issued to all defendants, these requests are directed specifically to CitiMortgage. Plaintiffs' request states "Each defendant should produce documents and mark accordingly. If the request does not apply to any specific defendant than [sic] the response should so indicate. If a document is produced it should be identified in that specific defendant's section of the combined responses."[29]

---

[26] Mem. in Supp. of Mot. at 6, ECF No. 238.

[27] Mem. in Supp. of Mot., ECF No. 238-3 Modified Requests for Produc. of Docs. to Defs at 8.

[28] *Id.* at 11.

[29] *Id.* at 1.

Defendants shall respond to each of these requests, indicating which defendant(s) are producing, but as the court noted above, if Defendants Primerica and Citigroup have no knowledge or information about a specific request, their corporate representatives need explain this lack of knowledge, under oath, and explain defendants' efforts to obtain the information. If a request is clearly directed at a single defendant, as Request Numbers 3 and 7 are, only that defendant need respond. Plaintiffs specify that if multiple defendants possess a requested document, it need only be produced a single time, indicating which defendants possess it.[30] Defendants have not shown good cause for a protective order on Request Numbers 3 and 7.

Moving defendants explain that "These are but a few examples of Plaintiffs' shotgun approach to written discovery to Citigroup and Primerica. Plaintiffs served 56 document requests, 22 interrogatories (several with subparts), and 45 requests to admit. Neither Citigroup, Primerica, nor the Court should be forced to sift through in excess of 115 discovery requests, many of which are incomprehensible and so broad as to comprise up to twelve or more lines of text and multiple subparts, to try to identify something that is worthy of analysis."[31] Defendants argue that "Plaintiffs' sloppy and careless approach to their final discovery opportunity merits an order quashing the requests."[32] These conclusory statements do not meet Rule 26(c)'s requirements for entry of a protective order. Moving defendants are parties to this case and must participate in discovery. Further, the District Judge specifically delayed deciding summary judgment on the merits to allow the Schneiders the opportunity to discover whether Citigroup and Primerica could be held liable. Because discovery has been highly contested in this case, to

---

[30] *Id.*

[31] Mem. in Supp. of Mot. at 7, ECF No. 238.

[32] *Id.*

the court's knowledge, the Schneiders have yet to receive any responses to written discovery from the moving defendants. Plaintiffs are not required to rely on the statements of opposing counsel in lieu of sworn responses.

By identifying only two discovery requests "as examples" of allegedly improper requests, making only generalized objections to the number of requests and their substance, moving defendants have not made the particularized showing required for entry of a protective order. Therefore, the court will not excuse defendants from the requirement to respond to written discovery. They shall respond to plaintiffs' written discovery by **February 22, 2016**. In their responses, they shall indicate, where necessary and appropriate, if they do not have possession, custody, or control of the documents or information requested. Because Defendants Citigroup, Inc. and Primerica Financial Services Home Mortgages, Inc. have not shown good cause for the entry of a protective order, by making a particularized showing of annoyance, embarrassment, oppression, or undue burden or expense, their motion is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants Citigroup, Inc. and Primerica Financial Services Home Mortgages, Inc.'s Motion for Protective Order From Plaintiffs' Written Discovery (ECF No. 237) is denied and they shall respond to plaintiffs' written discovery without objection, by **February 22, 2016**.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge