IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER
and AMY L. SCHNEIDER

        Plaintiffs,

   v.                                                        No. 13-4094-SAC

CITIMORTGAGE, INC.,
et. al.,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on the defendants' motion to review (Dk. 298) the Magistrate Judge's Order of February 19, 2016, (Dk. 288). The defendants ask the district court to sustain their objections to that part of the order which shifted fees to the defendants for the plaintiffs' motion to compel. The magistrate judge's order noted that the defendants served their discovery responses on "the deadline for the completion of all discovery," and when the plaintiffs' counsel e-mailed asking to confer about the responses, the defendants "replied 'written discovery closed on April 10,2015, so there is nothing to discuss.'" (Dk. 288, p. 3, quoting Dk. 262-14, Ex. 12). The magistrate judge's order frames the defendants' position in this regard:

> If the court were to adopt defendants' view of Rule 37.1(b), discovering parties would be left without recourse to seek relief from

> insufficient discovery responses served on the last date for discovery. While it would have been a better practice in the court's view for the plaintiffs to have served the written discovery earlier, the discovery was served in accordance with the court's deadlines. The court finds the position taken by defendants' counsel—that it need not confer with plaintiffs' counsel because defendants responded to the outstanding discovery on the final day of the discovery period—to be wholly without merit. Regularly, the court sees instances where parties respond to discovery shortly before or on the last day to complete discovery. However, this does not mean that the parties who propounded the discovery are without the right to seek a court order compelling further or more complete responses to written discovery once they have exhausted their ability to resolve with opposing counsel the dispute.
> 
> It is unbelievable to the court that defense counsel would take the position that 'there is nothing to discuss' because discovery responses were served on the date discovery was to be complete. Plaintiffs are not seeking to issue additional written discovery. They are requesting more complete answers and responses to the discovery previously served. If there are deficiencies in defendants' responses, they can be addressed in a properly filed motion to compel. Defendants' position is untenable and is clearly contrary to the procedure contemplated in Local Rule 37.1(b).
> 
> The record also reflects plaintiffs' counsel continued in her attempts to engage defendant's counsel in discussion to resolve the discovery disputes. They were met with refusals to confer. Under these circumstances, the court in its discretion finds good cause exists to address the merits of plaintiffs' motion to compel. Additionally the court finds merit in plaintiffs' request for attorney fees and costs incurred with regard to this motion to compel. The court finds that defendants should pay plaintiffs' reasonable costs and fees as discussed in further detail below.

(Dk. 288, pp. 3-4). The magistrate judge sustained the plaintiffs' motion to compel requests for admission 9 and 20 and interrogatory requests 13 and 16 and found that "defendants should pay plaintiffs' reasonable attorney fees and costs associated with filing this motion." (Dk. 288, p. 15).

The district court reviews a magistrate judge's order awarding attorney's fees under Rule 37 using a clearly erroneous or contrary to law

2

standard. *Lester v. City of Lafayette, Colo.*, --- Fed. Appx. ---, 2016 WL 303960, at *2 (10th Cir. Jan. 26,2016) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)). A court abuses its discretion in awarding sanctions if the ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). A magistrate judge has authority to order discovery sanctions for improper conduct during the discovery process. *See Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir.) ("Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." (citations omitted)), *cert. denied*, 522 U.S. 914 (1997).

    The defendants' arguments for review fail to show any abuse of discretion in awarding sanctions here. The defendants' professed understanding of the discovery deadlines does not excuse its refusal to confer pursuant to D. Kan. Rule 37.2. The "duty to confer" established in that rule is plainly frustrated when one party denies having any obligation to do so. The defendants offer no logical argument or authority for thinking their refusal to confer could not be regarded as violating the scheduling order which directs the parties to "compl[y]. . . with the 'meet and confer' requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2." (Dk. 30, p. 11). That the defendants met and conferred over earlier discovery-related motions is not a viable ground

for overturning the magistrate judge's order awarding fees in a latter discovery-related motion involving different circumstances.

Rather than "substantially justified," Fed. R. Civ. P. 37(b)(2)(C), the defendants' position was found by the magistrate judge to be "wholly without merit," "unbelievable," "untenable," and "clearly contrary to the procedure contemplated in Local Rule 37.1(b)." (Dk. 288, pp. 3-4). Nothing argued in their motion shows the magistrate judge erred in rejecting the defendants' position as not substantially justified. Instead, the magistrate judge's opinion on the operation of D. Kan. Rules 37.1 and 37.2 is consistent with their plain terms and evident purposes. With respect to these local rules, the defendants offer no direct authority or any authority as to substantially justify their belief that the passing of the discovery deadline suspended any obligation to confer.

The defendants say their position is supported by the general rule, "that a motion to compel cannot be filed after discovery closes" or that "motions to compel filed after the close of discovery are almost always deemed untimely." (Dk. 299, p. 3, 5). For these general rules, the defendants cite federal district decisions outside of this circuit. None of those decisions applied D. Kan. Rule 37.1(b) which governs the timely filing of a motion to compel. This local rule does not prohibit the filing of a motion to compel when the discovery deadline has expired. Moreover, the Tenth Circuit has held that a court has discretion to consider a motion to compel

4

filed after the discovery deadline when there is an "acceptable explanation," such as the movant was seeking voluntary compliance from the other party. *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012). Indeed, a general review of case law on this issue leaves this court with the impression that, there is "no 'hard-and-fast rule' [that] . . . prevents parties from filing motions to compel after the fact discovery deadline." *Johnson v. Sector 10, et al.*, 2013 WL 4456636 at *3 (D. Utah Aug. 16, 2013) (the filing of discovery responses near a discovery deadline identified as a reasonable explanation for filing a motion to compel after a discovery deadline). The defendants cannot point to any "hard-and-fast rule" existing in this circuit that would substantially justify their refusal to confer under these circumstances and the express terms of the local rules.

IT IS THEREFORE ORDERED that the objections and relief raised by the defendants' motion to review (Dk. 298) are overruled and denied.

Dated this 7th day of April, 2016 at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge