## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RANDALL A. and AMY L. SCHNEIDER,  )
                                        )
            Plaintiffs,        )
                                          )
      v.                   )          Case No. 13-4094-SAC
                                          )
CITIMORTGAGE, INC., et al.,      )
                                          )
           Defendants.       )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court upon the following motions: (1) defendants CitiMortgage, Inc. and Citibank, N.A.'s Motion for Protective Order and/or to Quash Certain Topics in Plaintiffs' Deposition Notices, ECF 304-305 (ECF No. 322); (2) plaintiffs' Motion to Enforce ECF 288 and 280, Compel Discovery and Deem Requests for Admissions as Admitted (ECF No. 335); (3) defendant Citigroup, Inc.'s Motion for Protective Order and/or to Quash Certain Topics in Plaintiffs' Deposition Notice (ECF No. 349); and (4) defendant Primerica Financial Services Home Mortgage, Inc.'s Motion for Protective Order and/or to Quash Certain Topics in Plaintiffs' Deposition Notice, ECF 338 (ECF No. 362).

Plaintiffs, Randall A. Schneider and Amy L. Schneider, bring claims against defendants, CitiMortgage, Inc. ("CitiMortage"); Citibank, National Association ("Citibank"); Citigroup, Inc. ("Citigroup"); and Primerica Financial Services Home Mortgages, Inc. ("Primerica"), for breach of contract and for violations of the Kansas Consumer Protection Act ("KCPA"). The claims involve defendants' alleged misconduct in handling the Schneiders' residential mortgage loan, and their 2010 loan refinance. The Schneiders allege that they were wrongfully assessed overcharges and fees and they were denied a loan refinance for which they were qualified.

In considering the instant motions, the court will once again make some brief observations.  These remarks have been made by the court in prior orders, but the court feels compelled to once again offer some suggestions.  The court has been critical of all parties during the discovery in this case.  Both sides have failed to assist the court in the "just, speedy, and inexpensive" disposition of this case.  The court notes that each side seems aware of the criticism directed at the other the side, but fails to consider the rebukes directed to its side.  The court continues to believe that cooperation among counsel is possible, and certainly would be a desirable change.  The court hopes this order will put this litigation on a path to a conclusion.

## I.  PLAINTIFFS' MOTION TO ENFORCE ECF 288 AND 280

On March 8, 2015, plaintiffs served written discovery on defendants.[1]  Defendants CitiMortgage and Citibank served responses to plaintiffs' requests.  Citigroup and Primerica filed a motion for protective order seeking a court order quashing plaintiffs' written discovery in its entirety.[2]  On February 1, 2016, the court denied the motion for protective order and directed defendants Citgroup and Primerica to respond to plaintiffs' written discovery without objection by February 22, 2016.[3]

On May 12, 2015, plaintiffs filed a second motion to compel concerning the written discovery served on March 8, 2015.[4]  On February 19, 2016, the court granted plaintiffs' motion in part and denied it in part.[5]  The court ordered CitiMortgage and Citibank to (1) produce all documents previously produced with redactions in their unredacted form; (2) fully respond to Amy Schneider's Requests for Admission Numbers 9 and 20 without objection for the time frame relevant to this case—the five years preceding May 24, 2013; and (3) respond to

[1] ECF No. 224.
[2] ECF No. 237.
[3] ECF No. 280.
[4] ECF No. 262.
[5] ECF No. 288.

Interrogatory Numbers 13 and 16 without objection.[6]   The responses were ordered to be served by February 29, 2016.[7]   The court also ordered defendants to pay plaintiffs' reasonable attorney fees and costs associated with filing the motion.[8]

On April 6, 2016, plaintiffs filed the instant motion.[9]   Plaintiffs seek to enforce the court's orders of February 1, 2016 and February 16, 2016.   Plaintiffs also seek to compel discovery and deem requests for admissions as admitted.   Specifically, plaintiffs seek to enforce the court's order of February 16, 2016 against defendants CitiMortgage and Citibank.   Plaintiffs also seek to compel production from Primerica and Citigroup based upon the court's order of February 1, 2016.

Plaintiffs raise a variety of concerns about the responses made by the defendants.   The motion is not easy to evaluate or understand due to the nature of the arguments.   Plaintiffs have attached a list of exhibits to their motion, and they refer to the numbers contained on this list in their motion.   However, the exhibits attached to the motion do not correspond to this list.   This circumstance has provided the court with an almost impossible task in considering the plaintiffs' arguments. The court shall focus only on the discovery specifically argued by plaintiffs rather than the generalized objections made by plaintiffs.   It is apparent that plaintiffs are not enamored with some of the defendants' answers, but the court is only concerned whether the answers are in accord with discovery requirements.   As noted in prior orders, the court is not in a position to determine the accuracy or completeness of the information produced.

Plaintiffs begin by contending that Citigroup failed to comply with the court's order of February 1, 2016, where the court directed Citigroup and the defendants to respond to plaintiffs'

---

[6] *Id.* at 14-15.
[7] *Id.* at 14.
[8] *Id.* at 15.
[9] ECF No. 335.

requests for discovery by providing in detail their efforts to obtain the information "if the defendants lack the information or knowledge to respond to plaintiffs' interrogatories or the other written discovery."   Plaintiffs suggest that a number of Citigroup's responses to their requests for production of documents are conclusory and in violation of the court's order.

As correctly pointed out by defendants, plaintiffs have failed to specifically address each of the aforementioned requests.  Rather, plaintiffs have suggested that Citigroup's responses that it does not possess information responsive to the requests violate the court's prior order.   The court does not agree.  The court has reviewed the answers made by Citigroup and is persuaded that they adequately respond to plaintiffs' requests.   In the prior order, the court stated that only one document needed to be produced if multiple defendants possessed the same document.  The court believes that the defendants have sufficiently complied with this directive.

Plaintiffs suggest that the answers made by Citigroup are not believable based upon a document produced early in the case that is identified as a Citigroup document referencing plaintiffs' loan.   The particular document noted by plaintiffs is a document in which CitiMortgage was the custodian.  Plaintiffs contend that this document is proof that their loan was securitized.  As pointed out by defendants, there is no claim in this case based upon the securitization of plaintiffs' 2007 loan.  The court fails to find any improper conduct by Citigroup or the other defendants concerning this document.

Plaintiffs further contend that the defendants have failed to properly search its documents.  The court finds insufficient evidence to support plaintiffs' contention.  Based upon its review of the information provided and produced by defendants, the court believes that the defendants have adequately complied with plaintiffs' requests.

The court shall now turn to the specific objections raised by plaintiffs. Plaintiffs object to Primerica's responses to their Request for Admissions Nos. 15 and 16, and Interrogatory No. 16 (sic 21). Plaintiffs also contend that CitiMortgage did not properly respond to Interrogatory Nos. 13 (sic 18) and 16 (sic 21) and Request for Admission No. 9. Finally, plaintiffs contend that Citigroup did not properly respond to Request for Admission No. 10.

Request for Admissions Nos. 15 and 16 to Primerica and its responses are as follows:

> REQUEST FOR ADMISSION NO. 15:
> Admit that CitiGroup Inc. is responsible for Citi Financial Inc.
> RESPONSE:
> Primerica interprets this request as seeking information about entities other than Primerica. Pursuant to Fed. R. Civ. P. 36(a)(4), after reasonable inquiry, Primerica states that the information it knows or can readily obtain within Primerica is insufficient to enable it to admit or deny the request.

> REQUEST FOR ADMISSION NO. 16:
> Admit that Randy Schneider's source of income from disability on the 2010 loan application was not adjusted to a comparable non-disability source of gross income.
> RESPONSE:
> Primerica interprets this request as seeking information about mortgage lending by defendant Citicorp/CitiMortgage to plaintiffs. Pursuant to Fed. R. Civ. P. 36(a)(4), after reasonable inquiry, Primerica states that the information it knows or can readily obtain within Primerica is insufficient to enable it to admit or deny the request. Primerica is not in the business of mortgage lending, does not process mortgage loan applications, and did not evaluate plaintiffs' loan application.

Based upon the court's knowledge of the case, the court finds no fault with the responses provided by Primerica. Plaintiffs have suggested that these responses are evasive and Primerica has ignored "what they know or should know." The court does not find that Primerica's responses are insufficient or inadequate.

Interrogatory No. 16 (sic 21) to Primerica and CitiMortgage and their responses provide as follows:

Identify and describe the possible benefits to the Schneiders from continuing to pay PWP fees after the benefits were exhausted by 24 months of use and Randall continued to be disabled. Stated another way, what could the Schneiders expect in exchange for the continued PWP charges.

RESPONSE:

Primerica possesses no information responsive to this Interrogatory. Primerica is not in the business of servicing mortgage loans, did not service plaintiffs' loan, and never maintained any business records generated in the servicing of plaintiffs' loan.

RESPONSE:

CitiMortgage has identified a Payment Waiver Protection fee of $126.40 charged in the invoices dated March 26, 2010, April 26, 2010, May 27, 2010, June 25, 2010, and July 27, 2010. CitiMortgage's records do not contain a written cancellation request signed by Randall Schneider and addressed to Lender at Lender's address listed in the Addendum to Note, Payment Waiver Protection Program. Amy Schneider did not participate in the Program, and Plaintiffs' reference in the Interrogatory to "benefits to the Schneiders" is misplaced.

Under the Payment Waiver Protection Program contract that Randall Schneider executed in 2007, he bore the responsibility to effective cancel his participation in the Program. Randall Schneider did not effectively cancel his participation in the Program. The Payment Waiver Protection Program contract provided that the 24 months of waivers was "per condition."

Plaintiffs contend that Primerica is the company that sold them the PWP and that this answer is evasive. Plaintiffs suggest that Primerica is "not without information responsive to this request." Plaintiffs assert that CitiMortage's response it non-responsive. Again, the court is not persuaded that the defendants' responses are improper or inadequate. The court does not believe that plaintiffs are entitled to any relief.

Request for Admission No. 9 and CitiMorgage's response are as follows:

Admit that Citi exceeded the maximum rate on the Schneiders' 2007 Note of 7.96544% when charging 8.21544%.

RESPONSE:

CitiMortgage admits that the monthly mortgage statements issued to Plaintiff dated June 25, 2010 and July 27, 2010 indicate that the interest rate of 8.21544% was in place on Plaintiff s loan and that this was in error.

Plaintiffs contend that CitiMortage's response failed to comply with the court's earlier order. Plaintiffs believe that the facts are different and that CitiMortgage should acknowledge

these different facts.  Again, the court finds that plaintiffs are not entitled to any relief.  As stated previously, the court cannot control the substantive responses of the defendants.

Interrogatory No. 13 (sic 18) and CitiMortgage's response provide as follows:

Identify the policy, procedure, or law that you relied on to increase the interest rate on the Schneider's (sic) 2007 loan from the September 17, 2007 fixed note rate of  7.96544%  to 8.215%.
RESPONSE:
The interest rate on Plaintiffs' loan was governed by the loan documents, including their promissory note and addenda thereto.  CitiMortgage admits that the monthly mortgage statements issued to Plaintiff dated June 25, 2010 and July 27, 2010 indicate that the interest rate of 8.21544% was in place on Plaintiff s loan and that this was in error based on the loan documents, including Plaintiffs' promissory note and addenda thereto.  Plaintiffs did not make a mortgage payment(s) directly in response to the June 25, 2010 mortgage statement or the July 27, 2010 mortgage statement.  Plaintiffs' last monthly mortgage payment was withdrawn from their bank account at Kendall State Bank on or about June 14, 2010 in the amount of $717.36, as indicated on CitiMortgage DEF 365 and KSB 000040.

Plaintiffs suggest that CitiMortgage's response is not responsive.  Plaintiffs contend that the court should require CitiMortgage to provide the "policy, procedure, or law" relied upon by CitiMortgage to increase the interest rate.  The court finds that CitiMortgage has adequately responded to the interrogatory.  CitiMortgage has plainly acknowledged that the increase was "in error."  The court is not persuaded that any additional response is necessary.

Request for Admission No. 10 and Citigroup's response are as follows:

Admit that Citi Group, Inc. has management responsibilities for their subsidiaries.
RESPONSE:
Deny.

Plaintiffs contend that Citigroup's response violates the court's order concerning responses to requests for admission.  Plaintiffs argue that the court has plainly stated that parties should not respond with "deny as written."  The court notes that Citigroup did not respond with

"deny as written," but rather responded with "deny." The court does not find that such a response is improper.

In sum, the court shall deny plaintiffs' motion. The court fails to find that plaintiffs are entitled to any relief.

## II.    DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER AND/OR TO QUASH CERTAIN TOPICS IN PLAINTIFFS' DEPOSITIONS NOTICES (ECF Nos. 322, 349 and 362)

The court and the parties have experienced considerable difficulty in completing the Fed.R.Civ.P. 30(b)(6) depositions in this case. The saga began in August 2014 when plaintiffs served their Rule 30(b)(6) notices.[10] The defendants responded with a motion to quash the deposition notices.[11] On September 29, 2014, the court conducted a telephone conference on this motion and other matters in the case. As a result of the telephone conference, plaintiffs agreed to withdraw the Rule 30(b)(6) notices. The court then denied the motion to quash as moot.[12] On March 12, 2015, plaintiffs again filed Rule 30(b)(6) notices.[13] Plaintiffs filed a Motion for Conference to address the Rule 30(b)(6) topics disputes.[14] Defendants then filed another motion for protective order and/or to quash plaintiffs' deposition notices.[15] Defendants again raised issues of overbreadth, undue burden and relevance.

On January 28, 2016, the court considered the pending motions.[16] The court denied plaintiffs' motion for conference, finding that a telephone conference would not aid the parties.[17] In ruling on that motion, the court noted that "[t]hroughout this litigation the parties have failed

---

[10] ECF No. 81.
[11] ECF No. 92.
[12] ECF No. 134.
[13] ECF No. 227.
[14] ECF No. 228.
[15] ECF No. 232.
[16] ECF No. 275.
[17] *Id.* at 3.

to cooperatively resolve disputes."[18]   The court directed the parties to resolve their disputes about plaintiffs' topics with some additional guidance provided in the order.   The court ordered plaintiffs to file corrected Rule 30(b)(6) notices that complied with the court's directives by February 22, 2016.[19]   The court directed plaintiffs to narrowly tailor their topics to comply with the "reasonable particularity" requirements of Rule 30(b)(6).[20]   The court also found that plaintiffs' notice violated the court's prior orders to limit discovery to the claims still at issue in the case.[21]   The court noted that if the defendants still sought a protective order after the plaintiffs' renewed notice, the parties were to confer and promptly seek to resolve their dispute. The court stated:

> Only after the parties have conducted this second, good-faith discussion will the court consider any additional motion on the issue. If briefing is necessary, the defendants shall list the topics for which they seek a protective order by number. Then for each topic they shall be required to show good cause why the court should issue a protective order under Federal Rule of Civil Procedure 26(c)'s enumerated categories: annoyance, embarrassment, oppression, or undue burden or expense.[22]

Conferences were held by the parties after the court's order of January 28, 2016.   The parties conferred in excess of six hours in conferences on February 22, 2016, and March 2, 2016. After the first conference, plaintiffs provided a revised list, which the parties discussed at the second conference.   On March 3, 2016, plaintiffs filed another list of topics which included a number of new topics.

Plaintiffs filed Rule 30(b)(6) notices on March 16, 2016, and March 31, 2016.[23] Defendants CitiMortgage and Citibank filed a motion for protective order and to quash the first

---

[18] *Id.* at 2.
[19] *Id.* at 6.
[20] *Id.* at 3.
[21] *Id.* at 4.
[22] *Id.* at 5-6.
[23] ECF Nos. 304 and 305.

Rule 30(b)(6) notices on March 31, 2016.[24]   On April 4, 2016, the court directed that the depositions noticed on March 16, 2016 would proceed as scheduled on the topics that had been agreed to by the parties.[25]   Plaintiffs were directed not to inquire about the topics that were the subject of the defendants' motion for protective order.

On April 7, 2016, plaintiffs filed Rule 30(b)(6) notices for the corporate representatives of Citigroup and Primerica.[26]   On April 15, 2016, the parties again conferred concerning the new topics raised by plaintiffs.  Defendants preserved their procedural objection to the new topics while conferring about them.  Defendant Citigroup filed a motion for protective order and/or to quash deposition topics on April 22, 2016.[27]   Defendant Primerica filed a motion for protective order and/or to quash deposition topics on May 6, 2016.[28]   On May 9, 2016, the court stayed the case after the parties sought mediation.[29]   Mediation occurred on June 23, 2016. On July 6, 2016, the court was advised that the mediation was unsuccessful.[30]   With that background, the court shall consider the arguments of the parties on these motions.

## A.  ECF NO. 322

In their first motion, defendants CitiMortgage and Citibank seek relief on certain topics contained in plaintiffs' deposition notices issued on March 16, 2016 for the Rule 30(b)(6) depositions of their corporate representatives.  Defendants seek to restrict or eliminate the following topics:  (1) Topic 1a:  "362-365 and the methodology of and information sources used in preparing the 2014 hand audit of the transactions on the Randall and Amy Schneider mortgage loan originated in September 2007 with Citicorp Trust Bank fsb, now known as Citibank, N.A.";

---

[24] ECF No. 322.
[25] ECF No. 328.
[26] ECF Nos. 337 and 338.
[27] ECF No. 349.
[28] ECF No. 362.
[29] ECF No. 366.
[30] ECF No. 368.

(2) Topic 4:  "Policies and Procedures, if applicable, and basis of application of the payments to the Schneiders' 2007 mortgage loan.  This topic includes for example the application  of unapplied funds, suspense accounting, and reversals."; (3) Topics 4h, 4j, 4s, 5, 5j, 6B, 6Br, 6Bt and 8 as they request information prior to May 24, 2008; (4) Topic  11:  "The identification of any 'subservicer' (for example vendor or service provider) with a description of their role or contact with the Schneider 2007 loan."; (5) Topic 13:  "[T]he amount of commission(s) (or compensation) and/or fee \sharing for each entity as distributed from the Schneider 2007 loan for all fees (whether direct or indirect) for the Payment Waiver Program, 'PWP,' $mart Equity Feature, and interest distribution if any."; (6) Topic 13B:  "[T]he sources and amount of Loan Origination Compensation, Commission, (including for example yield spread premium and service release premiums) in the amount anticipated by dollar or percentage as the expectancy on the 2010 origination."; (7) Topic 19B:  "Which of the Schneiders qualifications met the requirements for approval of a fixed rate 30 year refinance (with Defendant(s)) and under what circumstances the Schneiders could have obtained a refiance with Defendant(s) in 2010."; and (8) Topic 26:  "Any action taken and the basis for not responding or refunding any funds to the Schneiders based on the loan inquiry on May 26, 2011."

Concerning Topic 1a, defendants argue that plaintiff seeks a second deposition from the witness who earlier provided information on the hand audit of the transactions on the Schneiders' 2007 mortgage loan.  As for Topic 4, defendants again contend that plaintiffs seek information that was already covered in the witness's earlier deposition.  Defendants point out that Ms. Dauster-Adams, who has been designated as the corporate representative for CitiMortgage, was deposed by plaintiffs on February 18, 2015, for over six hours.  During that deposition, Ms. Dauster-Adams gave line-by-line and figure-by-figure testimony that covered the application of

each payment made on plaintiffs' loan. Defendants also suggest that Ms. Dauster-Adams covered the matters requested in Topic 4 in this deposition.

In response, plaintiffs assert that they should be allowed to proceed with another deposition of Ms. Dauster-Adams because she has been designated as a Rule 30(b)(6) representative. They further argue that, even if Ms. Dauster-Adams gave testimony on these issues in prior deposition, she may give different testimony or have other information as the corporate representative. Plaintiff also contends that issues remain that should be addressed in the Rule 30(b)(6) deposition.

The court has undertaken a thorough examination of these issues. The court recognizes that plaintiffs should be allowed to proceed with another deposition of Ms. Dauster-Adams under Rule 30(b)(6) because she has been designated as CitiMortgage's corporate representative. But, this subsequent designation does not allow plaintiff to re-plow old ground. The court finds that these topics were exhaustively discussed by the witness during her initial deposition. Plaintiff relies upon speculation to suggest that she might offer different evidence at this deposition. Without any valid basis for additional testimony, the court shall grant this aspect of defendants' motion and quash these topics.

Defendants next argue that the court should limit Topics 4h, 4j, 4s, 5, 5j, 6B, 6Br, 6Bt and 8 to exclude events prior to May 24, 2008. Defendants note that each topic begins with a qualifier that the "period of time … will be August 2007 through 2010." Defendants contend that these topics should be limited to exclude events prior to May 24, 2008 based on the district court's ruling that the applicable statute of limitations precludes claims for events prior to May 24, 2008. Defendants point to an order entered by this court where the plaintiffs were ordered to narrow the certain topics "temporally."

The court is not persuaded that plaintiffs' efforts to have the witnesses testify concerning events prior to May 24, 2008 is improper or is unduly burdensome.  The loan in this case was made on September 17, 2007.  It is not improper for plaintiffs to seek background information concerning the loan and the events prior to May 24, 2008.  Even though plaintiffs cannot assert claims on these matters, they are entitled to seek discovery in order to gain background information on the loan.  The court does not believe that plaintiffs have violated the court's earlier rulings on the scope of discovery.  Moreover, the court does not find that the limited temporal discovery sought by plaintiffs is burdensome or oppressive.

Defendants next seeks to strike Topic 11 where plaintiff seek identification of any "vendor" or "service provider" that may have been involved in servicing the loan from 2007 to 2010.   Defendants point out that plaintiffs have no claims that an outside vendor/service provider harmed them.  They note that CitiMortgage/Citibank serviced the loan at all times and have always accepted their roles to include the responsibility to address plaintiffs' claims.  The court believes that defendants can adequately respond to this topic.  The request to strike this topic shall be denied.

Defendants seek to strike Topic 13 where plaintiffs seek identification of each entity that may have ultimately received a portion of any commission, compensation or fee generated by their loan.  Defendants again suggest that they have always acknowledged that they were the responsible servicer on the loan and received plaintiffs' mortgage payments.  Defendants suggest that the law permits one recovery to plaintiffs for an alleged harm relating to them.  Again, the court believes that defendants can adequately respond to this topic.  The request to strike this topic shall also be denied.

Defendants next seek to strike Topic 13B where the plaintiffs seek the sources and the amount of loan origination compensation on the proposed 2010 refinance.   Defendants contend that this request lacks the necessary specificity and is oppressive and burdensome.   The court agrees.  This topic shall be quashed.

### B.  ECF NO. 349

In the first motion for protective order, defendant Citigroup asserts that over half of the topics contained in plaintiffs' final list of topics never appeared in plaintiffs' original list or revised list.   Citigroup argues that the inclusion of these topics violates the court's order of January 28, 2016.    Citigroup, while expressly preserving its procedural objection, discussed these new topics with plaintiffs on April 15, 2016.   Citigroup states that plaintiffs advised it at that time that they would consider rephrasing some of the topics if Citigroup "would enter a stipulation that it 'had not been honest in discovery.'"   Citigroup also argues that Topics 29 and 51 to 61 have no relation to the claims asserted by plaintiffs.   Specifically, Citigroup asserts that these Topics relate to plaintiffs' new contention that their 2007 claim loan was securitized along with thousands of other loans into a "residential mortgage backed security."   Citigroup next contends that plaintiffs' topics should be limited to exclude events prior to May 24, 2008. Finally, Citigroup directs specific objections to Topics 29 and 9.  Citigroup argues that Topic 29 should be stricken because it seeks oppressive, burdensome information on a subject that does "nothing to advance plaintiffs' claims.   Citgroup contends that Topic 9 should be quashed because it bears no relation to plaintiffs' claims.

In response, plaintiffs complain about defendants' continual efforts to delay these Rule 30(b)(6) depositions and discovery in general.  Relying on D.Kan. Rule 26.2, plaintiffs contend that Citigroup's motion should be denied as untimely.   Plaintiffs do not dispute that new topics

were added after the first list and the revised list, but assert that they were discussed at the April 15th conference.  Plaintiffs also contend that they can gain information on topics that precede the statute of limitations date because these matters are temporally related to their loan.

The court is not persuaded that Citigroup's motion was untimely.  Plaintiffs contend that Citigroup's motion was untimely because Rule 26.2(b)(2) requires that a motion for protective order be filed within 14 days after service of the deposition notice and at least 48 hours prior to the noticed time of the deposition.  The court believes that this aspect of plaintiffs' response is moot because the court directed the parties to conduct the depositions on the topics where agreement could be reached.  Nevertheless, the court finds no merit to plaintiffs' contention because plaintiffs' analysis was rejected in *Bowers v. Mortgage Electronic Registration Systems, Inc.*[31]  In *Bowers*, the court stated:

> These deadlines, however, are not deadlines for the filing of a discovery motion directed toward a deposition, but rather are the deadlines for when a properly-noticed deposition is automatically stayed. A close reading of D. Kan. Rule 26.2(b)(2) reveals that motions for protective order pursuant to Fed.R.Civ.P. 26(c) are not included in the list of motions that require a copy of the motion be delivered within 14 days of service of the deposition notice and at least 48 hours prior to the noticed time of the deposition to be automatically stayed. Subsection (a) of D. Kan. Rule 26.2 provides that the filing of a motion for a protective order pursuant to Fed.R.Civ.P. 26(c) stays the discovery at which the motion is directed pending order of the court. Subsection (b) of that Rule provides that a properly-noticed deposition is automatically stayed if:
> > (1) one of the following motions has been filed:
> > (A) motion to quash or modify a deposition subpoena pursuant to Fed.R.Civ.P. 45(c)(3)(A); or
> > (B) motion to order appearance or production only upon special conditions pursuant to Fed.R.Civ.P. 45(c)(3)(C); and
> > (2) the objecting party has filed and served the motion upon the attorneys or parties
> > (A) by delivering a copy within 14 days after service of the deposition notice; and
> > (B) at least 48 hours prior to the noticed time of the deposition.
> Subsection (b) does not include motions for protective order pursuant to Fed.R.Civ.P. 26(c).4 The Court therefore concludes that under a plain reading of

---

[31] No. 10-414-JTM, 2001 WL 6013092 (Dec. 2, 2011).

> D. Kan. Rule 26.2(b) the requirements that a copy of the motion be delivered within 14 days of service of the deposition notice and at least 48 hours prior to the noticed time of the deposition are limited to Rule 45(c) motions and do not apply to a motion for entry of a protective order filed pursuant to Fed.R.Civ.P. 26(c). Instead, the motion is governed by subsection (a) of D. Kan. Rule 26.2, which provides that the filing of a motion for a protective order pursuant to Fed.R.Civ.P. 26(c) stays the discovery at which the motion is directed pending order of the court.[32]

The court turns to Citigroup's contention that Topics 29, 51, 51B, and 52-61 should be quashed because they were presented to Citigroup in violation of the court's order of January 28, 2016. The court agrees. In the prior order, the court directed plaintiffs to narrowly tailor their notice in order to comply with Rule 30(b)(6)'s requirement that the topics be described with "reasonable particularity." The court then ordered the parties to confer after plaintiffs' revised their topics. The parties conferred twice for approximately six hours and no mention was made of the new topics. The new topics were served upon Citigroup following the conferences. The court did not anticipate the inclusion of new topics when it entered its prior order. The court believed that the topics previously presented by plaintiffs needed to be revised and amended to comply with Rule 30(b)(6). The inclusion of additional topics is a violation of the court's order and these topics shall be quashed. In addition, the court agrees with Citigroup that these topics concern plaintiffs' new contention that their 2007 loan was securitized along with thousands of other loans into a "residential mortgage backed security." The claims in this case do not allege any wrongdoing concerning the "securitization" of plaintiffs' 2007 loan. Plaintiffs have acknowledged that these topics are not for a new cause of action, but are designed to "ferret out" a discovery violation by Citigroup. The court is not persuaded that this is a proper use of discovery given the allegations here. These topics exceed the scope of this litigation and should also be quashed for that reason.

---

[32] *Id.* at **2-3.

Citigroup also contends that the court should limit plaintiffs' topics to exclude events prior to May 24, 2008, the triggering date for the statute of limitations date established by Judge Crow in an earlier order.  Citigroup notes that in light of Judge Crow's order, this court has ordered plaintiffs to narrow the topics "temporally."

The complaint alleges that the claims asserted involved activities between the parties that occurred between September 17, 2007 and August 10, 2010.  In their notice for this deposition, plaintiffs indicated that time period for the topics would be "August 2007 through August 2010." Citigroup suggests that requiring testimony about events from September 2007 to May 24, 2008 is burdensome, oppressive, and unreasonable.  Citigroup argues that testimony would be inadmissible at trial and it violates this court's directive limiting discovery temporally and substantively.  Citigroup points to Topics 29, 42rr, 51B and 54.

The court is not generally persuaded by Citigroup's arguments on the time frame noted by plaintiffs.  The court believes that time period noted by plaintiffs is not disproportionate to the claims asserted in this matter.  The court finds that the information sought by plaintiffs from September 2007 may reveal information that is relevant to the claims asserted by plaintiffs. Specifically, the court finds that the information sought may aid the plaintiffs in understanding the later actions taken by defendants.  Accordingly, this aspect of Citigroup's motion shall be denied.  In reaching this conclusion, the court notes it has already quashed discovery on Topics 29, 51B and 54.

Finally, the court examines two specific arguments made by Citigroup to Topics 9 and 29.  As noted previously, the court has already granted Citigroup's motion to quash Topic 29 so the court shall not consider this additional argument.  In Topic 9, plaintiffs seek the following information:  "Whether any marketing agreements existed, and if so, the roles assigned to each

or between each the defendant . . . . Or CitiAssurance (the PWP administrator to the aka American Health and Life Insurance Company) for the products (or features, referred to as the "PWP" waiver, $$MART Equity Builder) on the Schneider 2007 loan or 2010 refinance application." Citigroup contends that this subject bears no relation to plaintiffs' claims and it should be quashed. The court agrees. This topic shall also be quashed.

### C.  ECF NO. 362

In its motion for protective order and/or to quash certain topics, Primerica raises arguments similar to those asserted by Citigroup. Primerica argues initially that the court should exclude topics related to time-barred subjects. Primerica contends that plaintiffs should not be allowed to require testimony about events prior to May 24, 2008. For the reasons previously stated, this aspect of the motion shall be denied.

Primerica next contends that many of the topics contained in plaintiffs' notice should be quashed because they violate the terms of the court's order of January 28, 2016. The court agrees for the reasons previously stated. Topics 6Bd, 8g, 16jj, 17j, 17l, 23, 35m and 63-66 shall be quashed.

Primerica next argues that Topics 13ii, 16jj, 48, 49, 49yy, 50 and 66 should be quashed because they bear no relation to the claims in this case. The court has already quashed Topics 16jj and 66, so the court shall consider the other arguments on the other topics. The following are the additional topics that Primerica seeks to quash:

> 13ii. All sources of indirect and direct revenue and total amount of revenue anticipated to be received by Primerica as a result from the Schneiders' initial loan application to Citibank (or Primerica) in or around May 2010, if the application had been approved.
>
> 48. Explain and identify all sources of income received by Ms. Cobb, by Primerica related to the Schneiders 2007 mortgage loan, the Schneiders

investments with Ms. Cobb, the Schneiders' insurance policies with Ms. Cobb, and the anticipated revenue for the Schneiders' 2010 refinance.

49.  Explain and identify Primerica structure by divisions and associates by job category that make up the Primerica entity that dealt with Randall and Amy Schneider in the 2007 loan and 2010 refinance if any structural changes.

49yy.  All direct and indirect sources of revenue and total amount of revenue anticipated by Primerica to be received by Primerica or Kerry Cobb in connection with the Schneiders' initial refinance loan application to Citibank in or around May 2010, had the application been approved.

50.  Identify and describe the Primerica compensation as it relates to the percentage in accordance with the organizational chart. (Divisions and for associates, employees, vice presidents, or other representatives that make up the Primerica entity including Ms. Cobb as the only identified individual).

Plaintiffs have argued in response that Primerica has improperly minimized its role in the loan transaction.  Plaintiffs contend Primerica was "originator" of the loan and had "all the contact with the Schneiders."  Plaintiffs further contend that Primerica remained a contact and was responsible for drafting and sending the cancellation for the disability premiums in 2010.

The court is not persuaded that these topics exceed the scope of the claims in this case. Primerica has offered no other reasons why these topics should be quashed.  This aspect of Primerica's motion shall be denied.

Finally, Primerica contends that the topics that ignore its limited involvement should be quashed.  Primerica seeks to quash the following topics based upon this contention:  6Bd, 17j, 17l and 35m.  The court has already quashed these topics because they violate the court's order of January 28, 2016.  The court finds it unnecessary to consider Primerica's additional arguments on these topics.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Enforce ECF 288 and 280, Compel Discovery and Deem Requests for Admission as Admitted (ECF No. 335) be denied.

**IT IS FURTHER ORDERED** that defendants CitiMortgage, Inc. and Citibank, N.A.'s Motion for Protective Order and/or to Quash Certain Topics in Plaintiffs' Deposition Notices, ECF 304-305 (ECF No. 322) be granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant Citigroup, Inc.'s Motion for Protective Order and/or to Quash Certain Topics in Plaintiffs' Deposition Notice (ECF No. 349) be granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant Primerica Financial Services Home Mortgage, Inc.'s Motion for Protective Order and/or to Quash Certain Topics in Plaintiffs' Deposition Notice, ECF 338 (ECF No. 362) be granted in part and denied in part.

**IT IS FURTHER ORDERED** that the parties shall complete the Fed.R.Civ.P. 30(b)(6) depositions by December 31, 2016.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2016, at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge