IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER
and AMY L. SCHNEIDER

    Plaintiffs,

  v.                   No. 13-4094-SAC

CITIMORTGAGE, INC.,
et. al.,

    Defendants.

MEMORANDUM AND ORDER

  This case comes before the court on the following motions: Plaintiff Schneiders' motion for review (Dk. 392) the Magistrate Judge's Order of October 31, 2016, (Dk. 390); Plaintiff Schneiders' motion for review (Dk. 396) the Magistrate Judge's Order of November 3, 2016, (Dk. 391); and the Plaintiffs' motion to file exhibits under seal (Dk. 421). Besides deciding these three motions, this order will reiterate some of the Magistrate Judge's concerns over the lack of cooperation in this case.  The case began when the Schneiders' 28-page complaint filed in the District Court of Jefferson, County, Kansas, in May of 2013, was removed by the defendants to this court on August 14, 2013. (Dk. 1). The defendants thereafter filed a motion to dismiss which this court granted and denied in part. The magistrate judge has described correctly the plaintiffs' claims as involving

"the defendants' alleged misconduct in handling the Schneiders' residential mortgage loan and their 2010 loan refinance" (Dk. 390, p. 1) and as seeking relief for violations under the Kansas Consumer Protection Act ("KCPA") and for breach of contract regarding interest and overcharges within the five-year limitations period (Dk. 273, p. 2). "The Schneiders allege that they were wrongfully assessed overcharges and fees and were denied a loan refinance for which they were qualified." (Dk. 275, p. 1).

Before addressing the pending matters, the district court will make several observations. The docket report does not paint a favorable Rule 1 impression of this case. The Magistrate Judge rightfully expressed his frustration (Dk. 390, p. 2) with how all parties have "failed to assist the court in the 'just, speedy, and inexpensive' disposition of this case." The Magistrate Judge concluded his observations with the hope that his "order will put this litigation on a path to a conclusion." *Id*. The pending motions show that hope to be delayed. Neither side should be pleased with the state of the record, and nor should they expect to benefit from it. From this point forward, the district court wants both sides to realize that joint efforts by all parties will be expected to improve and will be accounted for as this case moves forward expeditiously.

**MOTION TO FILE UNDER SEAL (Dk. 421)**

The plaintiffs filed an earlier motion seeking leave to file certain discovery produced in December of 2016 as exhibits under seal. (Dk. 411).

The district court summarily denied this motion as insufficient on its face to meet the requirements for sealing. (Dk. 415). The plaintiff now files a four-page motion and a nine-page memorandum in support. (Dks. 421 and 422). Citing the terms of their agreed protective order (Dk. 54), the plaintiffs describe themselves as "in a pickle" and requesting leave to file under seal. The plaintiffs' present motion complies with their protective order (Dk. 54, ¶ 6), and the plaintiffs alternatively argue the documents should be filed without sealing them. Absent the defendants coming forward with arguments in support of sealing, the court agrees with the plaintiffs and denies the plaintiffs' motion to file under seal. The plaintiffs may file these documents absent an intervening motion to seal by the defendants.

**STANDARDS GOVERNING REVIEW OF MAGISTRATE JUDGE ORDER**

Rule 72 of the Federal Rules of Civil Procedure allows a party to provide specific, written objections to a magistrate judge's order. A magistrate judge's order addressing non-dispositive pretrial matters is not reviewed de novo, but it is reviewed under the more deferential standard in which the moving party must show the order is "clearly erroneous or contrary to the law." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); see Fed. R. Civ. P. 72(a). For factual findings, the court applies the clearly erroneous standard which "requires that the reviewing court affirm unless it on the entire evidence is left with

the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (citation omitted). For legal determinations, "the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law." *In re Motor Fuel Temperature Sales Practices Litigation*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (citations omitted), *interlocutory appeal dismissed*, 641 F.3d 470 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1004 (2012). "Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard." *Id*.

**PLAINTIFFS' MOTION TO REVIEW (Dk. 392)**

The plaintiffs filed a seven-page motion to review (Dk. 392), then filed two-weeks' later a 20-page memorandum in support (Dk. 402), and finally filed two months' later a 21-page reply memorandum (Dk. 416). This typifies the excessive and extended filings and briefing in this case. Of note is that the movants fail to cite the standards governing their motion and to argue a consistent and proper application of them. Instead, the plaintiffs' motion and memoranda offers up headings and argues points lacking coherency, organization, citations, references, and especially clarity. To make plain this point, court will address every separate heading found in this particular motion.

With leave of the court, the plaintiffs were given additional time to file a reply brief. The court's leave, however, did not authorize the plaintiffs to argue matters for the first time in their reply brief. "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). The plaintiffs' reply is the first time they argue that new discovery produced in December of 2016 convinces them that the defendants have failed to produce or identify other requested discovery. This new discovery is the subject of the plaintiffs' motion to file exhibits under seal. (Dk. 421). After reviewing these exhibits and the plaintiffs' accompanying arguments, the court will not suspend the rule of waiver against arguments first raised in reply. From this recent discovery, the plaintiffs want to argue inferences that the defendants have not provided complete and accurate discovery responses to date. What the plaintiffs argue as inferences, however, does not appear to put the court in any better "position to determine the accuracy or completeness of the information produced." (Magistrate Judge's Order, Dk. 390). Nonetheless, should the plaintiffs want to make this argument, it first must be made to the Magistrate Judge who is most familiar with the discovery and rulings to date. The district court is not in a position now to second-guess the Magistrate Judge's original conclusion on whether this new discovery now puts the court

in a position to determine this issue. Thus, this court will not consider the plaintiffs' arguments based on discovery produced in December of 2016.

"Citigroup's Failure to Appear at the Noticed Deposition" (Dk. 402, p.1)

Under this heading, the plaintiffs argue the "Magistrate [Judge] clearly erred when finding that Plaintiffs were not entitled to relief because the Defendants had neither complied and come to depositions prepared for the topics not in dispute which would not have been contrary to the Court's finding of their instruction to the Defendants, nor had they met the automatic stay." (Dk. 402, p. 2). The plaintiffs' use of "clear error" presumes a factual finding, but their motion fails to isolate this finding. The plaintiffs mention pages 14 and 15 of the Magistrate Judge's order which addressed Citigroup's motion for protective order and the plaintiffs' objection that Citigroup's motion was untimely. In rejecting the plaintiffs' timeliness objection, the Magistrate Judge first recognized "that this aspect of plaintiffs' response is moot because the court directed the parties to conduct the depositions on the topics where agreement could be reached." (Dk. 390). In short, the Magistrate Judge first rejected the plaintiffs' timeliness argument as moot, because he had directed the depositions to occur on the agreed topics. The Magistrate Judge also denied the timeliness argument because a motion for protective order under Fed. R. Civ. P. 26(c) is not subject to the filing requirements of D. Kan. Rule 26.2(b)(2). The plaintiffs do not show the Magistrate Judge's reading and application of this rule to be wrong. In short,

6

the court has no basis for finding any error in the Magistrate Judge's rulings at pages 14 and 15 of his order.

"Pattern & Repeat Strategy to Avoid Depositions" (Dk. 402, p. 3)

At page three of their memorandum, the plaintiffs employ this section title to then label and attack as tactical and dilatory the defendants' efforts to narrow down the scope of the Rule 30(b)(6) deposition. (Dk. 402, p. 3). This typifies the repeated finger pointing of blame and of delay replete in this case. There is nothing under this title that serves as a viable factual or legal argument or objection for review.

"Support for Response Opposing Citigroup Protective Order" (Dk. 402, p.3)

Under this heading, the plaintiffs ramble through different filings, highlight isolated arguments, and criticize general rulings without an organizing theme and without any clear direction on what they regard as error and why it would be error. The court presumes the following rulings to be in issue and the following arguments to be made.

The Magistrate Judge rejected the plaintiffs' contention that Citigroup's discovery answers were not believable because the "trailing document" is proof that their loan was securitized. The Magistrate Judge first noted that this "is a document in which CitiMortgage was the custodian." (Dk. 390, p. 4). He then found that the plaintiffs have "no claim in this case based upon the securitization of plaintiffs' 2007 loan" and that there was no "improper conduct by Citigroup or the other defendants concerning this

7

document." (Dk. 390, p. 4). Nothing presented in the plaintiffs' objections points to any error in this ruling, and the court finds none.

The plaintiffs also complain that the Magistrate Judge kept them from deposing on the new topic of securitization as a way of showing Citigroup's connection to their loan transaction. Before the Magistrate Judge, the plaintiffs, however, "acknowledged that these topics are not for a new cause of action, but are designed to "ferret out" a discovery violation by Citigroup." (Dk. 390, p. 16). Thus, the Magistrate Judge was not persuaded that "this was a proper use of discovery given the allegations here" and concluded that the topics were not within "the scope of this litigation." *Id.* The plaintiffs' changing reasons for adding yet another deposition topic and their ongoing speculation over the significance of the trailing document do not evidence any error in the Magistrate Judge's rulings.

The plaintiffs repeat their disagreement with the Magistrate Judge's rulings on the timeliness of Citigroup's motion for protective order. Repeating a disagreement without showing an error in the ruling accomplishes nothing. The plaintiffs' arguments are without merit.

"<u>Primerica Depositions Did Not Occur As Agreed</u>" (Dk. 402, p. 7)

The plaintiffs "object to the Magistrate's [Judge's] finding that the 'parties' moved for mediation." *Id.* The plaintiffs do not provide a cite to this finding in the Magistrate Judge's order. The district court found on page 10 of the Magistrate Judge's order a finding that, "[o]n May 9, 2016, the

8

court stayed the case after the parties *sought* mediation." (Dk. 390, p. 10) (italics added). This finding included a footnote citation to the Magistrate Judge's docket text entry order at Dk. 366 that expressly granted Dk. 358 which is the "Defendants' motion for Order to Mediate." The plaintiffs had opposed the defendants' motion (Dk. 358) and even proposed alternative rulings and condition. (Dk. 359). The Magistrate Judge's later docket text entry order at Dk. 366, however, states:  "The parties have scheduled a mediation by agreement for 6/23/16." There are no conditions stated in this docket text entry order regarding any deposition scheduled for May 10, 2016. The plaintiff never sought timely review of these Magistrate Judge's rulings. The court finds no error in the Magistrate Judge's finding with citation that the parties "sought mediation" (Dk. 390, p. 10), because it is consistent with the Magistrate Judge's earlier finding that the parties had "scheduled a mediation by agreement" (Dk. 366).

The plaintiffs next complain that the defendants abandoned their earlier agreements in objecting to certain deposition topics. The plaintiffs do not provide accurate docket citations to support their argument and do not demonstrate any subsequent error in the Magistrate Judge's ruling. The plaintiffs conclude with a general plea for reinstatement of all deposition topics based on this unproved agreement and on the disproved untimeliness of the defendants' motion. A sufficient record has not been provided and cited for this court to find any error in the Magistrate Judge's ruling.

"<u>Not only was Primerica Unprepared But Sought Stay Late</u>" (Dk. 402, p. 9)

The plaintiffs here again repeat their conclusory arguments about untimeliness and the mediation agreement. The court rejects them again for the reasons given above.

"<u>The Court Errs When Failing to Force Admissions and Enforce Discovery Orders</u>" (Dk. 402, p. 10).

Under this heading, "the plaintiffs object and seek review relating to the error of fact and application of law to enforcing the orders on the multiple motions to compel." (Dk. 402, p. 10). The plaintiffs, however, do not address any specific rulings and do not articulate the errors in any rulings. Instead, the plaintiffs generally complain, "[t]he Court errs when not being concerned with the 'quality' of the answer particularly when Plaintiffs will have no chance to hail Defendants into Court therefore these answers are critical to summary judgment and advancement of the case." *Id.*

In its review, this court is not charged with scrutinizing pages of rulings and fashioning arguments to support the plaintiffs' position that the Magistrate Judge disregarded how the defendants' answers lacked quality. Indeed, the plaintiffs' problem before the Magistrate Judge was lack of specificity:

> As correctly pointed out by defendants, plaintiffs have failed to specifically address each of the aforementioned requests. Rather, plaintiffs have suggested that Citigroup's responses that it does not possess information responsive to the requests violate the court's prior order. The court does not agree. The court has reviewed the answers made by Citigroup and is persuaded that they adequately respond to plaintiffs' requests. In the prior order, the court stated that only one

> document needed to be produced if multiple defendants possessed the same document. The court believes that the defendants have sufficiently complied with this directive.

(Dk. 390, p. 4). Nothing argued under this heading or revealed in this court's own review of the Magistrate Judge's order shows there to be any error.

> "Erroneous Finding There Was No Evidence That The Witness May Testify Differently When Denying Topic 1a" (Dk. 402, p. 11).

The Magistrate Judge's order identifies Topic 1a: "362-365 and the methodology of and information sources used in preparing the 2014 hand audit of the transactions on the Randall and Amy Schneider mortgage loan originated in September 2007 with Citicorp Trust Bank fsb, now known as Citibank, N.A." (Dk. 390, p. 10). The defendants opposed the plaintiffs' taking their second deposition of Ms. Dauster-Adams, the corporate representative for CitiMortgage, on this topic. According to the defendants, the plaintiffs deposed Ms. Dauster-Adams for six hours in February of 2015. Ms. Dauster-Adams "gave line-by-line and figure-by-figure testimony that covered the application of each payment made on plaintiffs' loan." *Id.* at pp. 11-12. In arguing that they wanted to depose Ms. Dauster-Adams again, the plaintiffs argued in part, that, "she may give different testimony or have other information as the corporate representative." *Id.* at p. 12. The Magistrate Judge ruled:

> The court has undertaken a thorough examination of these issues. The court recognizes that plaintiffs should be allowed to proceed with another deposition of Ms. Dauster-Adams under Rule 30(b)(6) because

11

> she has been designated as CitiMortgage's corporate representative. The court finds that these topics were exhaustively discussed by the witness during her initial deposition. Plaintiff relies upon speculation to suggest that she might offer different evidence at this deposition. Without any valid basis for additional testimony, the court shall grant this aspect of defendant's motion and quash these topics.

(Dk. 390, p. 12).

The plaintiffs now argue that Ms. Dauster-Adams in a subsequent deposition testified differently and that the plaintiffs were denied the opportunity to examine her at this later deposition about the hand audit. Under this heading, the plaintiffs point to and present no specific testimony of record in support of their argument. The court finds nothing to contradict the Magistrate Judge's findings that this topic was exhaustively covered in the initial deposition that the plaintiffs offered only speculation on the likelihood of Ms. Dauster-Adam testifying differently at a third deposition. The plaintiffs fail to show error here.

"<u>Taking The Word of Defendants' Counsel Regarding Topic 1A and Ms. Adams Impeachment</u>" (Dk. 402, p. 12)

Under this new heading, the plaintiffs object that the Magistrate Judge's ruling is in error, because Ms. Dauster-Adams did not testify line by line through the loan history. *Id*. The plaintiffs refer generally to exhibits attached to their motion for leave to file a sur-reply which was filed April 22, 2016, as docket entry 352. They say these excerpts "demonstrat[e] the inconsistent testimony." (Dk. 402, p. 13). The plaintiffs do not cite or single out what they regard as inconsistencies in these 75 pages of deposition

excerpts. While the plaintiffs are bold to argue that, "[t]hese documents should have weight and demonstrate the original testimony of Ms. Adams as questionably inconsistent with the facts," (Dk. 402, p. 13), the court is given nothing specific to support these arguments. It is not the court's duty to scour the record for evidence and then to fashion the argument to support the plaintiffs' position. More importantly, the plaintiffs were denied leave to file this sur-reply and never sought review of the Magistrate Judge's ruling. (Dk. 357). The plaintiffs' present motion does not authorize this court's review of earlier orders which properly enforced the court's rules for filing a sur-reply.

The plaintiffs also complain that the defendants' answers to the requests for admissions are generally deficient. In addressing the plaintiffs' objections, the Magistrate Judge observed:

> Plaintiffs raise a variety of concerns about the responses made by the defendants. The motion is not easy to evaluate or understand due to the nature of the arguments. Plaintiffs have attached a list of exhibits to their motion, and they refer to the number contained on this list in their motion. However, the exhibits attached to the motion do not correspond to this list. This circumstance has provided the court with an impossible task in considering the plaintiffs' arguments. The court shall focus only on the discovery specifically argued by plaintiffs rather than the generalized objections made by plaintiffs. It is apparent that plaintiffs are not enamored with some of the defendants' answers, but the court is only concerned whether the answers are in accord with discovery requirements.

(Dk. 390, p. 3). The Magistrate Judge then looked at the plaintiffs' specific objections and found that defendants' responses were not insufficient or

inadequate. (Dk. 390, pp. 5-8). The court finds no error in any of the Magistrate Judge's findings or rulings.

"The Erroneous Finding of a Violation of Court Order by Plaintiffs' Counsel"
Dk. 402, p. 14

The plaintiffs do not specifically locate and cite this finding in the Magistrate Judge's order. The plaintiffs argue they did not violate a Magistrate Judge's order, because "the Order did not state what is now found to be in violation." (Dk. 402, p. 15). The Magistrate Judge's order on review reads:

> The Court turns to Citigroup's contention that Topics 29, 51, 51B, and 52-61 should be quashed because they were presented to Citigroup in violation of the court's order of January 28, 2016. The court agrees. In the prior order, the court directed plaintiffs to narrowly tailor their notice in order to comply with Rule 30(b)(6)'s requirement that the topics be described with "reasonable particularity." The court then ordered the parties to confer after plaintiffs' revised their topics. The parties conferred twice for approximately six hours and no mention was made of the new topics. The new topics were served upon Citigroup following the conferences. The court did not anticipate the inclusion of new topics when it entered its prior order. The court believed that the topics previously presented by plaintiffs needed to be revised and amended to comply with Rule 30(b)(6). The inclusion of additional topics is a violation of the court's order and these topics shall be quashed. . . . These topics exceed the scope of this litigation and should also be quashed for that reason.

(Dk. 390, p. 16). The plaintiffs complain that they should not be found to have violated an order unless they actually violate one of its express terms. As here quoted, the Magistrate Judge explained that his order operated on the premise that the plaintiffs' topics were established and that the plaintiff now needed to meet the requirement of stating and revising those topics

with reasonable particularity. The Magistrate Judge also required the parties to confer in this regard, and there was no discussion of possible new topics. The plaintiffs' addition of new topics after the conferences had certainly violated the spirit and operating premises behind the Magistrate Judge's order of January 28, 2016, Dk. 275. The court finds no error in this finding of a violation.

"<u>The Magistrate's [Judge's] Finding That The Plaintiffs Are Disingenuous Is Unsupported</u>" Dk. 402, p. 16

Again, the plaintiffs do not specifically cite this finding in the Magistrate Judge's order that is being reviewed on this motion. The court's computer has scanned the Magistrate Judge's Order (Dk. 390) and has not found any matches for "disingenuous." The court does not know what finding is the subject of this objection. The plaintiffs generally complain about the financial hardships in pursuing this litigation, about the lack of hearings and oral arguments on their presentations, about the defendants' "piecemealed discovery," about their need to have the court allow them discovery and to tax the costs against the defendants, and about not having "a clean admission as to overcharges" from the defendants.

The court will adopt all of the Magistrate Judge's comments on the parties' and counsels' lack of cooperation in discovery. The Magistrate Judge's expressed frustration with this case is fully supported by the age of this case, as well as, by the number, nature and length of the docketed filings. The district court commends the Magistrate Judge for his expertise

and devotion in supervising discovery in this case. He has exercised great patience and innovation in trying to improve cooperation between the sides. He has conducted numerous conferences. He has even instructed counsel on discovery rules and how to comply with them. He has ruled fairly on the issues and ruled repeatedly on the same issues. He has admonished counsel on both sides and even sanctioned the defendants. Whatever the plaintiffs' concerns with the Magistrate Judge's handling of this case to date, the court regards them as devoid of merit.

"<u>Case Should Be Decided On The Merits And Not Procedural Rules</u>"
Dk. 402, p. 18

The plaintiffs end their motion on the same refrain that the defendants have utilized all the rules to create delay, generate motions, and avoid discovery and that "the rules were stretched too far." *Id.* at 19. The court finds nothing in the Magistrate Judge's order that shows he overlooked improper conduct or stretched the rules too far. The plaintiffs' motion to review is denied.

**PLAINTIFFS' MOTION TO REVIEW (Dk. 396)**

In an order filed November 3, 2016, (Dk. 391), the Magistrate Judge denied the plaintiffs' second motion (Dk. 380) asking for leave to file first amendment of complaint. The Magistrate Judge's order recounts his earlier decision denying the plaintiffs' first motion for leave:

> This case was filed in state court on May 24, 2013. It was removed to this court by the defendants on August 14, 2013. The court held a Scheduling Conference on April 9, 2014. At that time, the parties agreed to April 30, 2014 as the deadline for motions to amend,

16

and the court imposed that deadline. On April 16, 2015, plaintiffs first sought to amend their complaint. Although other deadlines had been extended, the deadline for motions to amend had not been extended. On January 28, 2016, the court denied plaintiffs' motion to amend as untimely. The court noted that plaintiffs had not filed their motion to amend until nearly a year after the applicable deadline and nearly two months after the event they claim informed them of the facts underlying the proposed amendment.

Dk. 391, p. 1). The plaintiffs filed their second motion to amend on August 1, 2016, seeking to add a count VII, "Mortgage Fraud by Concealment of Lack of Servicing Software, Alternatively Negligence, New Conduct in 2014-2015 in furtherance of the Newly Discovered Fraud April 26, 2016." (Dk. 381-8, p. 40). The plaintiffs argued that this new count arose from newly discovered evidence, that is, the Rule 30(b)(6) deposition testimony of David Chambers taken on April 26, 2016. Mr. Chambers testified that CitiMorgage lacked the ability to service bi-weekly simple interest daily loans because their software servicing system did not support bi-weekly and that this required some manual reposting of payments. To the Magistrate Judge, the plaintiffs "suggest[ed] that they could not have sought this amendment at an earlier time because of defendants' efforts to resist discovery in this case." (Dk. 391, p. 2).

The Magistrate Judge correctly recognized the two-step approach applicable when a moving party seeks to amend after the scheduling order deadline. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch,*

*Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."). The Magistrate Judge correctly summarized the standards governing the two steps. The Magistrate Judge set out the following as the legal standard governing Rule 16(b)(4):

> Rule 16(b)(4) states that the scheduling order "may be modified only for good cause and with the judge's consent." "The good cause standard primarily considers the diligence of the party seeking the amendment." The party moving to amend "must show that despite due diligence it could not have reasonably met the scheduled deadlines." "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." "[L]ack of prejudice to the nonmovant does not show 'good cause.'" "The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline." If the moving party meets the Rule 16(b)(4) good cause standard, the court considers Fed. R. Civ. P. 15.

(Dk. 391, p. 3). The Magistrate Judge succinctly held:

> In numerous orders in this case, the court has determined that the delays that have occurred in discovery were the responsibility of both sides. In the recent order of October 31, 2015, the court specifically determined that the delay in the taking of the Rule 30(b)(6) depositions was caused by all parties. The court fails to find good cause to allow plaintiffs an extension of the deadline for filing motions to amend. As the court stated in its order of January 28, 2016, "[i]t is disingenuous for the Schneiders to suggest that defendants' delay is the sole cause for their failure to meet the deadline for motions to amend." Moreover, plaintiffs waited at least three weeks to file this motion after the stay was lifted on July 7, 2016. In accord with the court's prior ruling, the court finds that plaintiffs have not shown good cause to extend the scheduling order under Rule 16(b)(4). Plaintiffs' motion for leave to amend the complaint must be denied as untimely.

(Dk. 391, p. 4).

On review, the plaintiffs first argue that the Magistrate Judge failed to follow the standard of freely granting leave to amend. This standard is one of the Rule 15(a) considerations which a court "need not reach" when the movant lacks good cause to amend after the scheduling order deadline. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d at 1240. Interestingly, the plaintiffs deny there is a current scheduling order. The plaintiffs repeat their complaints over the defendants' efforts at delaying and withholding discovery. The plaintiffs attribute the delay in seeking leave to their counsel's work on other matters pending in this case. The plaintiffs say their motion is timely as it was filed less than a month after the stay ended. Finally, the plaintiffs call on the court to recognize their prevailing policy interest in uncovering fraud and in preventing fraud on the court.

The Magistrate Judge's summary and application of the governing Rule 16(b)(4) standard on "good cause" was not contrary to the law. The scheduling order's deadline for motions to amend has passed, and, therefore, the plaintiffs first must show good cause to extend. After reviewing the plaintiffs' arguments and evidence for "good cause," this court is not left with the definite and firm conviction that the Magistrate Judge has made a mistake in denying this amendment. The court accepts the Magistrate Judge's finding stands that the plaintiffs are "disingenuous" for suggesting "that defendants' delay is the sole cause for their failure to meet the deadline for motions to amend." (Dk. 391, p. 4). It is fully consistent

19

with what this court has learned from its own review of the docket. The record also shows that the plaintiffs did wait at least three weeks after the stay was lifted before filing the motion to amend. As for the plaintiffs' policy arguments against allowing fraud on the court, there is nothing here but speculation without substance. The plaintiffs' motion to review is denied.

IT IS THEREFORE ORDERED that the Plaintiff Schneiders' motion for review (Dk. 392) the Magistrate Judge's Order of October 31, 2016, (Dk. 390), the Plaintiff Schneiders' motion for review (Dk. 396) the Magistrate Judge's Order of November 3, 2016, (Dk. 391), and the Plaintiffs' motion to file exhibits under seal (Dk. 421) are denied.

Dated this 17th day of February, 2017 at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge