IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER
and AMY L. SCHNEIDER

        Plaintiffs,

   v.                                                            No. 13-4094-SAC

CITIMORTGAGE, INC.,
et. al.,

        Defendants.


MEMORANDUM AND ORDER

       This case comes before the court on the plaintiffs' "Objections and Motion for Review" (ECF# 463) of the Magistrate Judge's Orders (ECF# 455 and #456), both of which were filed April 14, 2017. As this matter has been fully briefed by the parties, the court will rule expeditiously. The plaintiffs have filed a motion of seven pages, a memorandum in support of 32 pages, and a reply memorandum of 15 pages. Considering the Magistrate Judge's orders total six pages and the defendants' opposition is 12 pages, the plaintiff's filings total three times more pages. The district court in its prior order commented on the plaintiffs' "excessive and extended filings and briefing in this case." (ECF# 433, p. 4). Because the plaintiffs' practice has gone unabated, the district court gives this final warning and notice that it

reserves the right to strike summarily all future filings of excessive and/or unwarranted length.

## ECF# 455

In his order ("ECF# 455"), the Magistrate Judge summarized the ongoing conflict that has marked the taking of Rule 30(b)(6) depositions for Citigroup and other defendants. This summary included:

> The court directed the parties to complete the Rule 30(b)(6) depositions by December 31, 2016. Plaintiffs filed a motion for review on November 14, 2016. The parties then consented to an extension of time to extend the Rule 30(b)(6) depositions. On December 19, 2016, the court granted the extension and allowed the parties until forty-five (45) days following a ruling by the district court on the aforementioned motion for review and other matters to complete the Rule 30(b)(6) depositions.
> On February 17, 2017, Judge Crow denied plaintiffs' motion for review. Following Judge Crow's order, plaintiff's counsel sought to schedule Citigroup's Rule 30(b)(6) deposition. Various discussions were then had between counsel. On March 3, 2017, counsel for defendants provided dates and a location for the Rule 30(b)(6) depositions for CitiMortgate, Inc. and Citibank, N.A. Plaintiff's counsel was not happy with the proposed dates, but failed to suggest alternative dates. On March 7, 2017, counsel for defendants suggested a stipulation to plaintiff's counsel that would eliminate the need for Citigroup Rule 30(b)(6) deposition. Plaintiffs immediately rejected the proposed stipulation. Plaintiffs filed its motion for contempt the next day.

ECF#455, p. 2. This order further describes that the defendants were granted leave to file a supplement in which they disclose having since provided a location and other dates for the Citigroup Rule 30(b)(6) deposition.

In ruling on the plaintiffs' objection that Rule 30(b)(6) was violated by the defendants' conduct, the Magistrate Judge succinctly ruled:

2

> The court is concerned that counsel have once again failed to reach agreement on a matter without the intervention of the court. Counsel for both sides are responsible for what occurred here. Counsel for defendants could have acted in a more efficient manner in responding to plaintiffs' counsel's requests. However, there was no need for filing of the instant motion. The parties should have come to terms on the issues concerning the Rule 30(b)(6) deposition. The actions of defendants' counsel, while somewhat dilatory, certainly do not warrant sanctions. Plaintiffs' motion is denied. With an undying sense of optimism and hope, the court again requests that counsel work in cooperation to complete discovery in this case.

ECF#455, p. 3. This ruling correctly assessed the parties' respective positions and rightly expressed disappointment with both counsel for not cooperating but rather inviting conflict through the defendants' questionable delay and the plaintiffs' contentious motion. The Magistrate Judge again urged counsel to cooperate in completing discovery. The order displays a judicious exercise of discretion over one episode in a continuing spate of discovery disputes that have been time consuming, wasteful of judicial resources, and contrary to the spirit of Fed. R. Civ. P. 1.

The plaintiffs' motion contentiously describes ten objections to this order. Each objection will not be addressed separately, as they repetitively advance the same basic point, that is, the Magistrate Judge erred in not doing more against the defendants' for their dilatory actions in designating depositions after February 17, 2017. The plaintiffs' memoranda refer to defendants' discovery conduct before February 17, 2017, and level objections against it too. The court, however, will consider this other discovery conduct for purposes of background information only.

The plaintiffs primarily take issue with the Magistrate Judge's finding that "[t]he actions of defendants' counsel, while somewhat dilatory, certainly do not warrant sanctions." ECF# 455, p. 3. They complain that the ruling fails to discuss the applicable rules and the governing standards. They argue that the defendants' delays are discovery violations on their face requiring sanctions and that the denial of sanctions will encourage the dilatory behavior by the defendants.

A magistrate judge's order addressing non-dispositive pretrial matters is not reviewed de novo, but it is reviewed under the more deferential standard in which the moving party must show the order is "clearly erroneous or contrary to the law." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); see Fed. R. Civ. P. 72(a). The plaintiffs' motion fails its burden of showing that the Magistrate Judge's order is clearly erroneous or contrary to the law. The plaintiffs' arguments do not establish how the defendants' delayed responses necessarily violated the plain requirements or deadlines imposed by rule or order. The Magistrate Judge acted well within his reasonable discretion in handling the plaintiffs' motion in this manner. As has been observed, the defendants could have acted more promptly and completely in their responses on the deposition designations, and they could have acted more timely in offering the proposed stipulation. Still, the court agrees with the

Magistrate Judge that this conduct by the defendants is not in itself a discovery violation warranting sanctions. In short, the plaintiffs have failed to prove any error in the Magistrate Judge's findings and conclusions.

## ECF# 456

The Magistrate Judge here denied the plaintiffs' motion to reconsider the prior order of February 24, 2017, (ECF# 436), which had denied the plaintiffs more time to seek relief on their allegations that the defendants' failed to produce all documents relevant to discovery requests. The Magistrate Judge outlined the standards governing a motion to reconsider and held:

> The court has carefully considered the arguments of the parties. The court finds no merit to the contentions raised by the plaintiffs. Plaintiffs have failed to show any basis for reconsidering the court's order of February 24, 2017. Plaintiffs have failed to demonstrate that they diligently discovered the "new" documents after receipt of the documents from the defendants on December 19, 2016. As pointed out by defendants, plaintiffs could have sought relief during the thirty-day window. In sum, the court denies plaintiffs' motion to reconsider.

ECF# 456, p. 2. As the Magistrate Judge's order cited, the court's local rules require a motion to reconsider to "be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). A motion to reconsider is not an opportunity to rehash or to bolster losing arguments. *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). A decision on a motion to reconsider is committed to the court's

sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1397 (10th Cir. 1988).

The plaintiffs repeatedly accuse the defendants of not producing documents and of not supplementing their discovery requests. By all appearances, the plaintiffs' arguments before the Magistrate Judge simply rehashed their prior position and failed to show any clear error or manifest injustice in his February ruling. The Magistrate Judge acted well within his discretion in denying the motion to reconsider. On review, the district court is not persuaded that the plaintiffs' filings demonstrate that the Magistrate Judge's ruling on the motion to reconsider is clearly erroneous or contrary to the law. While replete with contentious and inflammatory language, the plaintiffs' filings are devoid of arguments that are cogent, concise and convincing. The plaintiffs have not carried their burden on their motion to review.

IT IS THEREFORE ORDERED that the plaintiffs' "Objections and Motion for Review" (ECF# 463) of the Magistrate Judge's Orders (ECF# 455 and #456) is denied.

Dated this 6th day of June, 2017 at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge