IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER
and AMY L. SCHNEIDER

        Plaintiffs,

    v.                                     No. 13-4094-SAC

CITIMORTGAGE, INC.,
et. al.,

        Defendants.


MEMORANDUM AND ORDER

This case comes before the court on the plaintiffs' "Motion to Reconsider ECF 473." ECF# 474. In its order (ECF#473), the court denied, in relevant part, the plaintiffs' motion for review (ECF# 463) of the Magistrate Judge's order (ECF# 455) that had denied the plaintiffs' motion for contempt against the defendant Citigroup for its failure to cooperate timely in providing a date and location for Citigroup's Rule 30(b)(6) deposition. The plaintiffs now ask the district court to reconsider its denial based on "new evidence," that is, the deposition testimony of Citigroup's corporate representative on June 13, 2017, in Dallas, Texas, that he had known for five or six months that he would be testifying as the corporate representative. ECF# 474, p. 2.

The court's local rule, D. Kan. Rule 7.3(b) "governs motions to reconsider non-dispositive orders." *Fox. v. Pittsburg State University*, 2016 WL 4919463, at *1 (D. Kan. Sep. 15, 2016). "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). "A party seeking reconsideration may not revisit issues already addressed or assert new arguments or supporting facts that otherwise were available for presentation when the party filed the original motion." *Creamer v. City of Phillipsburg*, 2015 WL 10944999 at *1 (D. Kan. Feb. 27, 2015)(citations omitted), *aff'd*, 609 Fed. Appx. 541 (10th Cir. Jul. 2, 2015). The asserted "new evidence" should be material and bear upon the issues addressed in the prior order. *See Nutter v. Wefald*, 1995 WL 783216 at *1 (D. Kan. Nov. 22, 1995).

In denying the plaintiffs' motion for contempt, the magistrate judge noted that the defendants' counsel "could have acted in a more efficient manner in responding to the plaintiffs' counsel's requests" but that "[t]he actions of defendants' counsel, while somewhat dilatory, certainly do not warrant sanctions." ECF# 455, p.3. On review, this court said:

> The plaintiffs' motion fails its burden of showing that the Magistrate Judge's order is clearly erroneous or contrary to the law. The plaintiffs' arguments do not establish how the defendants' delayed responses necessarily violated the plain requirements or deadlines imposed by rule or order. The Magistrate Judge acted well within his reasonable discretion in handling the plaintiffs' motion in this manner. As has been observed, the defendants could have acted more promptly and completely in their responses on the deposition designations, and they

2

could have acted more timely in offering the proposed stipulation. Still, the court agrees with the Magistrate Judge that this conduct by the defendants is not in itself a discovery violation warranting sanctions.

ECF# 473, pp. 4-5. There is nothing in either order that finds or presumes any probable or justifiable reasons as mitigating the defendants' delayed responses. Neither order makes mention of any problem or difficulty that the defendants were having in designating a particular corporate representative. For that matter, the analyses appearing in both orders would not consider this alleged "new evidence" to be any kind of aggravating circumstance to the defendants' delay. Finally, the defendants did not represent in ECF# 449 that they were still considering who would serve as the designated Citigroup corporate representative. The plaintiffs' "impression" to the contrary is not material new evidence that justifies any relief on their motion to reconsider.

IT IS THEREFORE ORDERED that the plaintiffs' motion to reconsider ECF# 474 is denied.

Dated this 22nd day of June, 2017 at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge