#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

RANDALL A. and AMY L. SCHNEIDER,  )
                                  )
      Plaintiffs,                )
                                  )
v.                                )   Case No. 13-4094-SAC
                                  )
CITIMORTGAGE, INC., et al.,       )
                                  )
      Defendants.                )

### ORDER

This matter comes before the court upon defendant Primerica Financial Services Home Mortgages, Inc.'s ("Primerica's") Motion for Reconsideration of ECF 477 and Stay of Deposition Deadline and Related Events under ECF 477(ECF No. 478).[1]  For the following reasons, this motion is denied.

Primerica seeks reconsideration of the court's order of June 29, 2017.  In that order, the court ordered a second Primerica Fed. R. Civ. P. 30(b)(6) deposition on three topics and required Primerica to pay the travel costs of plaintiffs' counsel to take the deposition and the costs of the court reporter.  In this motion, Primerica asks the court to direct that the three topics be addressed by the stipulation that has been presented to plaintiffs.

The court will not belabor this order with the background of this litigation as the parties are quite familiar with it.  The court will move quickly to consideration of the motion for reconsideration.

---

[1] In response to Primerica's motion, plaintiffs sought reconsideration of another matter in the court's prior order. This request is denied as untimely.

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, while Federal Rules of Civil Procedure 59 and 60 govern motions to reconsider dispositive orders.[2] Here, the court's opinion ordering a second Primerica deposition is non-dispositive, as it was not a decision on the merits that resolved plaintiffs' claims in the case. Therefore, the court considers defendant's motion to reconsider under D. Kan. Rule 7.3(b).

Under D. Kan. Rule 7.3(b), grounds warranting a motion to reconsider include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3] A motion to reconsider allows the court to "correct manifest errors of law or fact and to review newly discovered evidence."[4] A motion to reconsider is available when the court has "misapprehended the facts, a party's position, or the controlling law."[5] Such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[6] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[7] Whether to grant a motion to reconsider is left to the court's discretion.[8]

---

[2] D. Kan. Rule 7.3; *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[3] D. Kan. Rule 7.3(b).

[4] *Azzun v. Kan. Dep't Health & Env't*, No. 10-2009, 2010 WL 148801, at *1 (D. Kan. Jan. 14, 2010).

[5] *Coffeyville*, 748 F. Supp. 2d at 1264; see, e.g., *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b)).

[6] *Coffeyville*, 748 F. Supp. 2d at 1264; see also *Servants of Paraclete*, 204 F.3d at 1012.

[7] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517, 2011 WL 1466490, at *4 (D.Kan. Apr. 8, 2011) (citing *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998); *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), aff'd, 191 Fed.Appx. 822 (10th Cir. 2006)).

[8] *Brumark Corp v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

In support of this motion, Primerica argues that the use of the proposed stipulation is a "streamlined and effective means" for plaintiffs to receive the information responsive to the three topics. Primerica suggests that this procedure would save time, cost, and likely motion practice relating to the second deposition. Primerica asserts that the factors required by Rule 7.3(b) are present here.

The court finds no need to waste judicial resources in deciding this motion. While Primerica's motion has some merit, the court does not find that it meets the standards required by D.Kan. 7.3(b). The court has continuously suggested to counsel that they should work together to accomplish discovery in a timely and cost-effective manner. The solution offered by Primerica does comply with the court's prior requests. Nevertheless, the stipulations offered by Primerica are not a basis for reconsideration. Primerica has failed to offer any authority for such a position, and the court is unable to find any such authority. Primerica could have offered this solution prior to the scheduled deposition but failed to do so. Thus, Primerica's motion shall be denied.

The parties shall immediately proceed to complete the Primerica deposition by January 12, 2018. As noted in the prior order, the scheduling of this deposition and the details concerning it should be addressed and handled by counsel for the parties.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant Primerica Financial Services Home Mortgages, Inc.'s Motion for Reconsideration of ECF 477 and Stay of Deposition Deadline and Related Events under ECF 477 (ECF No. 478) is denied. The parties shall immediately proceed to complete the Primerica deposition by January 12, 2018.

**IT IS SO ORDERED.**

Dated this 28th day of November, 2017, at Topeka, Kansas.

                                                  s/ K. Gary Sebelius  
                                                  K. Gary Sebelius  
                                                  U.S. Magistrate Judge