IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER
and AMY L. SCHNEIDER

        Plaintiffs,

    v.                                       No. 13-4094-SAC

CITIMORTGAGE, INC.,
et. al.,

        Defendants.

MEMORANDUM AND ORDER

       The case comes before the court on the defendants' motion for leave to file under seal (ECF# 522) selected pages from the plaintiffs' counsel's deposition. The parties have fully briefed this motion. On April 26, 2018, the defendants filed a motion for compliance (ECF# 546) with the court's order (ECF# 542) requiring the plaintiff to file separate responses. Without waiting for the plaintiffs' written response, the court takes up this second motion as it requires immediate attention.

**MOTION FOR LEAVE**

       The defendants, CitiMortgage, Inc. and Citibank, N.A., seek to file this deposition excerpt as Exhibit W in support of their motion for summary judgment. ECF## 523 and 524. The defendants' motion for leave does not attach this deposition excerpt as a sealed exhibit. Therefore, the defendants' motion fails to comply with the procedure required by D. Kan. Rule

5.4.6(a)(2). Consequently, the defendants' motion does not satisfy their duty to file a proper motion for leave under the protective order. ECF# 54, ¶ 6.

The defendants explain their motion was filed in an "abundance of caution." ECF# 522. They have disputed the plaintiffs' counsel's designation of her entire deposition as confidential. They attach a letter dated March 21, 2016, written to the plaintiffs' counsel challenging her confidential designation of the entire deposition and her failure to identify which testimony fell under the protected categories of the protective order. ECF# 545-1. In their reply, the defendants point to prior proceedings before the magistrate judge over the filing of counsels' deposition under seal. ECF# 545, p. 2. Over two years ago, the defendants asked the magistrate judge for leave to file plaintiffs' counsel's deposition under seal as an exhibit to their motion to disqualify. ECF# 312. After laying out Tenth Circuit's requirements for sealing court filings, the magistrate judge ruled:

> The practical difficulty that arises in this case and many others is that defendants are required by the protective order to move to file under seal documents designated as "confidential," including those designated by opposing parties. Because the exhibits defendants seek to file under seal were designated confidential by plaintiffs, plaintiffs are the parties in the best position to make a showing of a significant interest that outweighs the presumption in favor of public filing.
>
> The court will allow defendants to file the portions of Ms. Huffman's deposition they attached to their motion under seal for the time being. This ruling is subject to being revisited. However, it appears that much of the deposition testimony does not contain confidential information. For that reason, by April 7,

> 2016, the court orders defendants to file a separate copy for public viewing, redacting only those portions that they believe contain confidential information.

ECF# 315, p. 2. The defendants subsequently filed deposition excerpts in compliance with the magistrate judge's order. ECF# 318. The defendants, however, do not say whether their proposed Exhibit W is already part of the court record appearing at ECF# 318. And without a copy of Exhibit W before it, this court cannot make this determination.

      The plaintiffs' response to the defendants' motion is wide of the mark. Despite the magistrate judge's prior order, the plaintiffs' response does not acknowledge the Tenth Circuit's requirements for sealing court filings and does not attempt any showing of a significant interest that outweighs the presumption in favor of public filing. Instead, the plaintiffs dispute the defendants' motives and methods in making the plaintiffs' counsel's deposition part of the summary judgment record. The plaintiffs lace these arguments with characterizations and attacks on the defendants' reasons for citing counsel's deposition instead of other documents and the relevance of the defendants' summary judgment arguments. The plaintiffs' attacks offer only speculation and are not well-grounded in fact or law. Thus, the court finds no genuine issue over the defendants' good faith in using the deposition as relevant and admissible evidence in support of their summary judgment motion. Other aspects of the plaintiffs' arguments are better reserved for their response to the summary judgment motion.

More importantly, the plaintiffs do no more than presume that their counsel's deposition testimony meets the requirements for sealing. This too is not enough for considering the need for sealing Exhibit W. The plaintiffs were warned of this procedure not only in the magistrate judge's order quoted above, but this court too filed an order in January of 2017 which summarily denied the plaintiffs' motion for leave to file under seal documents marked as confidential for failure to offer "any arguments or grounds as required for sealing, see *Digital Ally, Inc. v. Utility Associates, Inc.*, 2014 WL 631954 (D. Kan. 2014), and *Flohrs v. Eli Lilly and Co.*, 2013 WL 4773515 (D. Kan. 2013) (and cases cited in both)." ECF# 415, p. 1. When the plaintiffs renewed their motion for leave, the district court in February of 2017, ruled:

> The plaintiffs' present motion complies with their protective order (Dk. 54, ¶ 6), and the plaintiffs alternatively argue the documents should be filed without sealing them. Absent the defendants coming forward with arguments in support of sealing, the court agrees with the plaintiffs and denies the plaintiffs' motion to file under seal. The plaintiffs may file these documents absent an intervening motion to seal by the defendants.

ECF# 433, p. 3. The plaintiffs here have not offered any basis in law or fact for sealing Exhibit W and have not filed any subsequent motion asking for this relief. Their arguments against the defendants using this exhibit are speculative and unpersuasive. Having been warned twice on the rules governing sealing, the plaintiffs are not entitled to any hearing on this matter or to any leave for filing subsequent motions for sealing this exhibit.

**MOTION FOR COMPLIANCE**

According to the defendants, the time has expired for the plaintiffs to file their separate responses to the defendants' separate motions for summary judgment, and the plaintiffs have not filed a request for extension of time. The defendants note that on April 17, 2018, the same day that their responses were due to be filed, the plaintiffs filed their motion for leave to file a consolidated response exceeding the court's page limitation stated in the pretrial order (ECF# 519, p. 39). ECF# 541. The very next day, April 18, 2018, the court entered a text entry order that denied the plaintiffs' leave and directed the plaintiffs to "file separate responses to these separately pending motions for summary judgment." ECF# 542. Not presuming to know the additional time needed by the plaintiffs to comply with this order, the court did not address deadlines in its order and expected the plaintiffs would promptly follow up with an extension request. They have not done so. Frankly, the procedural history of this case and the court's prior orders are reason enough that this case should not be in this posture. next

With that said, the plaintiffs have until May 4th to file their separate responses to the defendants' pending motions for summary judgment or to file a request for extension of time to comply with the court's order. The court expects this will not happen again, but if it does, enforcement pursuant to D. Kan. Rule 7.4(b) will be followed.

IT IS THEREFORE ORDERED that the defendants' motion for leave to file Exhibit W under seal (ECF# 522) is denied, but the defendants are not relieved of their duty to comply with the protective order;

IT IS FURTHER ORDERED that the defendants' motion for compliance (ECF# 546) with the court's order (ECF# 542) is granted, and the plaintiffs shall file no later than May 4, 2018, either their separate responses to the defendants' pending motions for summary judgment or a request for extension of time to comply with the court's order.

Dated this 27th day of April 2017 at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge