#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

RANDALL A. and AMY L. SCHNEIDER, )
)
       Plaintiffs, )
)
v. )   Case No. 13-4094-SAC
)
CITIMORTGAGE, INC., et al., )
)
       Defendants. )

#### ORDER

This matter comes before the court upon plaintiffs' Request for Determination of Reasonable Fee & Costs Pursuant to ECF 288 (ECF No. 354). For the following reasons, plaintiffs' request is granted in part and denied in part.

#### I.

Some background is necessary here. On March 8, 2015, plaintiffs served requests for production of documents, interrogatories, and requests for admissions on the defendants.[1] On April 10, 2015, defendants responded to plaintiff's requests.[2] Defendants' responses were filed on the date of the deadline for completion of discovery. On April 15, 2015, plaintiffs' counsel e-mailed defense counsel requesting a time to meet and confer about defendant's discovery responses. Defendants' counsel replied that "written discovery closed on April 10, 2015, so there is nothing to discuss."[3] On May 12, 2015, plaintiffs filed a motion to compel.[4] In response, defendants raised several objections, including untimeliness.[5] Defendants argued in part that the

---

[1] Notice of Service, ECF No. 224.
[2] Certificate of Service, ECF No. 241.
[3] Second Mot. to Compel, ECF No. 262-14.
[4] *Id.*, ECF No. 262.
[5] Mem. in Opp'n, ECF No.267 at 1-4.

court's local rules, specifically D.Kan. R. 37.1(b), precluded plaintiffs from filing a motion to compel after the expiration of the discovery deadline.[6] On February 19, 2016, the court rejected that argument, and stated:

> If the court were to adopt defendants' view of Rule 37.1(b), discovering parties would be left without recourse to seek relief from insufficient discovery responses served on the last date for discovery. While it would have been a better practice in the court's view for the plaintiffs to have served the written discovery earlier, the discovery was served in accordance with the court's deadlines. The court finds the position taken by defendants' counsel—that it need not confer with plaintiffs' counsel because defendants responded to the outstanding discovery on the final day of the discovery period—to be wholly without merit. Regularly, the court sees instances where parties respond to discovery shortly before or on the last day to complete discovery. However, this does not mean that the parties who propounded the discovery are without the right to seek a court order compelling further or more complete responses to written discovery once they have exhausted their ability to resolve with opposing counsel the dispute.
>
> It is unbelievable to the court that defense counsel would take the position that 'there is nothing to discuss' because discovery responses were served on the date discovery was to be complete. Plaintiffs are not seeking to issue additional written discovery. They are requesting more complete answers and responses to the discovery previously served. If there are deficiencies in defendants' responses, they can be addressed in a properly filed motion to compel. Defendants' position is untenable and is clearly contrary to the procedure contemplated in Local Rule 37.1(b).
>
> The record also reflects plaintiffs' counsel continued in her attempts to engage defendant's counsel in discussion to resolve the discovery disputes. They were met with refusals to confer. Under these circumstances, the court in its discretion finds good cause exists to address the merits of plaintiffs' motion to compel. Additionally the court finds merit in plaintiffs' request for attorney fees and costs incurred with regard to this motion to compel. The court finds that defendants should pay plaintiffs' reasonable costs and fees as discussed in further detail below.[7]

The court ultimately sustained plaintiff's motion to compel requests for admission 9 and 20 and interrogatory requests 13 and 16.[8] In doing so, the court criticized much of plaintiffs'

---

[6] *Id.*, at 3-4.
[7] Order, ECF No. 288 at 3-4.
[8] *Id.*, at 15.

motion to compel, finding that it lacked specificity in a variety of ways.[9] As a result, the court only considered five of the plaintiffs' requests for admission and two interrogatories.[10] Nevertheless, the court found that "defendants should pay reasonable attorney fees and costs associated with filing this motion."[11]

Defendants sought review of the court's order of attorney fees and costs.[12] On April 7, 2016, Judge Crow denied defendants' motion for review.[13] Judge Crow found that "defendants' arguments for review fail to show any abuse of discretion in awarding sanctions."[14]

II.

With that background, the court turns to the instant motion. The parties conferred and attempted to resolve the amount of attorney's fees to which plaintiffs were entitled, but were unable to reach an agreement.

Plaintiffs' counsel has filed documents which represent that she spent 15.5 hours working on the motion to compel, .65 hours attempting to confer on the amount of fees, 3.75 hours working on a response to the motion for review, and 2.75 hours working on the request for fees. She seeks $6506.75 in attorneys' fees plus $92.80 in costs. The attorneys' fees amount reflects an hourly rate of $250.00 for 15.9 hours and an hourly rate of $375.00 for the 6.75 hours. She indicates that she raised her hourly rate from $250 to $375 on March 17, 2016, after she filed the motion to compel.

In their response, defendants contend that plaintiffs' counsel's fee should be reduced due to the limited success of the motion to compel. They point out that plaintiffs sought relief on a

---

[9] *Id.*, at 5, 7 and 13.
[10] *Id.*, at 7-14.
[11] *Id.*, at 15.
[12] Mot. for Review, ECF No. 292.
[13] Mem. and Order, ECF No. 339.
[14] *Id.*, at 3.

total of 200 discovery requests and only prevailed on four of those requests. Thus, based upon the percentage of relief obtained by plaintiffs, defendants contend that plaintiffs are entitled to only $246.45. Defendants further contend that plaintiffs are not entitled to fees for the work on their request for fees because the court "did not expressly direct plaintiffs to seek compensation for their compiling their fees/cost request." Defendants also contend that plaintiffs should not be allowed fees and costs for their counsel's work on the motion for review because the court "focused on the fee incurred to file the motion to compel, and did not direct that events subsequent to the filing of the motion were compensable."

### III.

Courts typically use the lodestar method to calculate an award of expenses and attorney's fees as a sanction under Rule 37 against a party failing to comply with a discovery order.[15] The lodestar figure is simply the product of the number of hours reasonably spent on the motion for sanctions multiplied by a reasonable hourly rate.[16] The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[17] The fee applicant has "the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[18] The court "is justified in reducing the reasonable number of hours if the attorney's time records are sloppy and imprecise and fail to document adequately how he or she utilized large blocks of time."[19]

---

[15] *See Sport v. Continental Western Ins. Co.*, 2006 WL 1517757, at * 1 (D.Kan. May 25, 2006).
[16] *Case v. U.S.D. No. 233*, 157 F.3d 1243 (10th Cir.1998).
[17] *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir.1986).
[18] *Case*, 157 F.3d at 1250.
[19] *Id.*

After the court has adequate time records, it must insure that the fee applicant has exercised "billing judgment."[20] Hours that an attorney would not properly bill to his or her client cannot be reasonably billed to the adverse party.[21] The court may reduce the reasonable hours awarded if "the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative."[22]

With respect to hourly rates, the court generally determines an hourly rate award on what the evidence shows the market commands for analogous litigation.[23] If adequate evidence of the prevailing market rates is not provided, the court may use other relevant factors, including its own knowledge to establish the rate.[24] With these "lodestar" standards in mind, the court next examines the evidence presented by the parties.

IV.

Defendants have not specifically objected to the number of hours spent by plaintiffs on this matter. They have noted only that plaintiffs' counsel has failed to provide contemporaneous time records in support of the fee request.

The court has some concern over the nature of the records provided by plaintiffs' counsel. Plaintiffs' counsel has not submitted contemporaneous records but has provided only a summary of the days that she worked on this matter and the number of hours spent on those days. She also provided a summary of what she did during those hours.

After a careful review of plaintiffs' motion to compel, the court will reduce the amount of hours spent on it by 25 percent. This reduction reflects the inadequacies of the motion to compel

---

[20] *Id.*
[21] *Id.*
[22] *Id.* (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir.1994)).
[23] *Id.*, at 1255.
[24] *Id.*, at 1257.

as well as the imprecision of the time records. The level of plaintiffs' success on the motion to compel has some importance but is not controlling because the court primarily ordered sanctions based upon defendants' arguments that a motion to compel filed after the discovery deadline was untimely and, thus, they had no duty to confer following the filing of the motion to compel. The court found defendants' position "wholly without merit," "unbelievable," "untenable," and "clearly contrary to the procedure contemplated in Local Rule 37.1(b)." Nevertheless, the court also finds that defendants should not be punished for the improper portions of plaintiffs' motion to compel. In that regard, the court found many problems with the lack of specificity contained in plaintiffs' motion. The court shall not make any other reductions in the hours spent by plaintiffs' counsel. The court finds the hours spent on the other matters are reasonable.

The court finds no merit to defendants' contentions concerning plaintiffs' request for fees for responding to defendants' motion for review and plaintiffs' request for fees for preparation of the fee request. The court made clear that it found defendants' arguments concerning the timeliness of the motion to amend without any support. Defendants then sought review of court's order, raising the same issue concerning the filing of a motion to compel after the date of the deadline for discovery. Given the court's conclusions in the order of February 19, 2016, it is only appropriate that plaintiffs are entitled to fees for their response to defendants' motion for review. Finally, the court finds that plaintiffs are entitled to fees for their preparation of the fee request. A party entitled to attorney fees may also recover additional amounts, or "fees on fees," necessarily incurred in obtaining an award.[25] This approach is consistent with the general principle that a party

---

[25] *See, e.g., SOC–SMG, Inc. v. Christian & Timbers, LLC*, 2010 WL 2085076, *6–7 (D.Nev. May 20, 2010) (awarding "fees on fees" under Fed. R. Civ. P. 37).

entitled to recover attorneys' fees should also recover the reasonable attorneys' fees necessarily incurred in obtaining a fee award.[26]

Defendants have not challenged the hourly rates sought by plaintiffs. The court notes that no evidence of prevailing market rates has been provided by either side. Under these circumstances, the court relies upon its own knowledge to conclude that the rates sought by plaintiffs' counsel are reasonable.

Finally, the court notes that defendants have not challenged the costs sought by plaintiffs. The court finds the costs sought reasonable. They shall be awarded to plaintiffs.

Based upon the foregoing, the court awards sanctions for (1) attorney fees in the amount of $4,753.13, and (2) costs in the amount of $92.80.

**IT IS THEREFORE ORDERED** that sanctions are awarded in favor of plaintiffs and against defendants in the amount of $4,845.93. Defendants shall pay this amount to plaintiffs' counsel by June 28, 2018.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U. S. Magistrate Judge

---

[26] *See Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) (explaining that compensating attorneys for work resolving fee issues furthers the purpose behind the statutory fee authorization); *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (noting "under statutory fee provisions, courts commonly allow additional attorney's fees for time spent in establishing an original fee entitlement."); *Case*, 157 F.3d at 1254 (quoting *Mares*, 801 F.2d at 1205) ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application.").