# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL A. and AMY L. SCHNEIDER, )<br>            )<br>        Plaintiffs,    )<br>            )<br>    v.        )<br>            )<br>CITIMORTGAGE, INC., et al.,    )<br>            )<br>        Defendants.    ) | Case No. 13-4094-SAC |

## ORDER

This matter presently comes before the court upon plaintiffs' Motion for Sanctions Relating to Court-Ordered Deposition of Primerica (ECF No. 516).[1] For the following reasons, this motion is denied.

### I.

On June 29, 2017, the court granted in part and denied in part plaintiffs' motion contending that defendant Primerica Financial Services Home Mortgages, Inc.'s ("Primerica") corporate representative was unprepared during his deposition of December 29, 2016.[2] As part of that order, the court allowed plaintiffs to conduct another Rule 30(b)(6) deposition of Primerica's corporate representative on three topics.[3] In the instant motion, plaintiffs seek sanctions because Primerica's corporate representative was not adequately prepared to respond to their questions concerning "CitiQuick," what plaintiffs have described as a "streamlined loan renewal program."

### II.

In the prior order, the court set forth guidelines for Rule 30(b)(6) depositions as follows:

---

[1] Plaintiffs have requested oral argument on this motion, but the court does not find that oral argument is necessary.
[2] Mem. and Order, ECF No. 477.
[3] *Id*. at 11.

Rule 30(b)(6) governs deposition notices and subpoenas directed to organizations. The Rule requires the named organization to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. The Rule also requires the designated witnesses to testify about information known or reasonably available to the organization.

The testimony of a Rule 30(b)(6) designee represents the knowledge of the corporation, not of the individual deponents. In a proper Rule 30(b)(6) deposition, "there is no distinction between the corporate representative and the corporation." A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide "binding answers on behalf of the corporation."

Rule 30(b)(6) is not designed to be a memory contest. Certain questions may seek details so minute that a witness could not reasonably be expected to answer them. However, a corporation has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."[4]

### III.

During a prior meeting with plaintiffs concerning their loan, Ms. Kerry Cobb wrote, inter alia, "Citi Quick" on a page of handwritten notes. Ms. Cobb was deposed by plaintiffs in 2014. Ms. Cobb has been identified as a representative of Primerica.

During this litigation, plaintiffs submitted various topics for the Rule 30(b)(6) deposition of Primerica's corporate representative. One of these topics, Topic 41, sought the following information: "Identify, describe, and explain the terms Smart Loan Center, Smart Solutions, Citi Quick, E-Z Pay, and Timely Rewards, as these applied to the Schneiders' loan." On December 29, 2016, plaintiffs deposed Primerica's corporate representative, Michael Turnage. Following that deposition, plaintiffs argued that Mr. Turnage was not prepared to respond to several topics, including the term "Citi Quick" contained in Topic 41. The court agreed and allowed plaintiffs to conduct another deposition on the issues where the court found that Mr. Turnage was unprepared. Concerning "Citi Quick," the court found that he was unable to define the term and had made no effort to determine the meaning of the term.

---

[4] *Id.* at 6(footnotes omitted).

Prior to the deposition, Primerica provided a fact stipulation regarding "Citi Quick." The proposed stipulation stated:

> "Citi Quick" is a mortgage loan processing format that is intended to be streamlined as compared to traditional mortgage loan processing. If a borrower meets certain criteria, instead of requiring the traditional type and extent of credit documentation, a lender would evaluate only certain factors in a borrower's credit profile. The term "Citi Quick" did not apply to or describe the Schneiders' mortgage loan through Citicorp in September 2007 or Citicorp's evaluation of the Schneiders' request to Citicorp in 2010 to refinance the loan. The term "Citi Quick" did not apply to the Citicorp-Primerica relationship.

Plaintiffs refused to agree to the stipulation and requested another deposition. When asked about "Citi Quick" at his second deposition, Mr. Turnage referenced the proposed factual stipulation, which was introduced as an exhibit. Mr. Turnage reiterated the information contained in the stipulation. Mr. Turnage testified that, to prepare for the deposition, he consulted with a Citibank representative, David Chambers.

IV.

Plaintiffs contend that Mr. Turnage failed provide truthful information concerning "Citi Quick." They argue that his testimony that this term did not apply to them is an "impossibility." They further contend that Mr. Turnage indicated that all of Primerica's products and programs were available on-line. Plaintiffs suggest this is the first time that Primerica had ever mentioned that its products were available on-line. They assert that Primerica has "obstructed" discovery.[5] Plaintiffs ask that the court impose sanctions on Primerica. They request that the court should not allow Primerica to defend the claims relating to its loan approval and programs.

---

[5] In their reply brief, plaintiffs raised arguments that were not contained in their motion. The court will not consider these new arguments. *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n. 7 (D.Kan. Aug. 4, 2008) (court will not consider argument raised for first time in reply brief) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir.2003)).

V.

The court has thoroughly reviewed Mr. Turnage's deposition. The court finds no merit to any of the arguments asserted by plaintiffs. The court finds that Mr. Turnage was prepared and did adequately respond to plaintiffs' counsel's questions concerning "Citi Quick." Plaintiffs were not satisfied with his responses, but plaintiffs' dissatisfaction with his responses does not justify sanctions. The court also finds no basis for plaintiffs' suggestion that Mr. Turnage testified that Primerica's products were available somewhere on-line, and this was the first time that such information had been provided. In fact, he explicitly stated: "I don't remember what information regarding the particular—the lending products would be there." The court fails to find any connection between his testimony concerning the on-line system and the term "Citi Quick."

In sum, the court does not find that sanctions should be imposed. The court also will not grant Primerica's request for attorney's fees based on the contention that plaintiffs' motion was frivolous.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Sanctions Relating to Court-Ordered Deposition of Primerica (ECF No. 516) is hereby denied.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
