IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER
and AMY L. SCHNEIDER

        Plaintiffs,

   v.                                                  No. 13-4094-SAC

CITIMORTGAGE, INC.,
et. al.,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiffs' filing of October 17, 2018, entitled, "Motion to Reconsider Summary Judgment as to the Consumer Protection Act." ECF# 588. This motion addresses the court's order filed September 19, 2018, that decided all pending motions. ECF# 586. The court's ruling, in part, granted summary judgment for defendants on the plaintiffs' claims under the Kansas Consumer Protection Act ("KCPA"), K.S.A. 50-623 *et. seq. Id.* at pp. 8-20, 48-54. Specifically, the court's ruling joined a growing number of others to conclude that the Act clearly and unambiguously defines "supplier" to expressly exclude regulated banks.

Despite its title, the plaintiffs' motion does not ask the court to reconsider this ruling. Nor does the motion assert the court erred in so ruling, as the plaintiffs explicitly note in their reply. ECF# 594, p. 3. Instead,

the plaintiffs essentially seek the court's leave to go forward with their consumer protection claims as if brought under the laws of Delaware, not Kansas. They couch their request on another part of the court's summary judgment order which enforced a choice-of-law provision found in the 2007 Addendum to their promissory note and so applied Delaware law to the breach of contract claims. To the plaintiffs, the court's ruling is an "intervening change in controlling law" under D. Kan. Rule 7.3(b)(1) which justifies seeking relief to alter or amend judgment under Fed. R. Civ. P. 59(e). They also ask that their filing be read as alternatively asserting unfair surprise and other reasons for relief under Fed. R. Civ. P. 60(b)(1) and (6).

No matter the procedural avenue, the plaintiffs' premise is the same, the court's "summary judgment ruling effectively changed the law the case would be decided under or alternatively to prevent manifest injustice where a consumer has pursued their claims and the conduct is actionable under the Delaware statutory construct." ECF# 588, p. 2. Without analyzing the applicable legal authorities, and relying principally on their views of fairness, the plaintiffs contend that if Delaware law applies to some of their claims, "then all claims should be determined under Delaware law rather than have the Defendant benefit from selective application to some legal issues and not others with the choice of law provision they created, identified, and enforced." *Id.*; *see* ECF# 589, pp. 2-3, 5. The plaintiffs cite no authorities for this argument. In short, their motion lacks a cogent legal

basis for now asserting Delaware law as the basis for their prior Kansas consumer protection law claims. The plaintiffs center their claims of fairness on the defendants' delay in raising the Delaware choice-of-law provision.

The defendants respond first by observing that the plaintiffs' motion goes beyond asking for reconsideration but actually seeks to amend the pretrial order as referenced in the plaintiffs' prayer for relief, "allow amendment, further briefing, and a new pretrial order for remedy for consumer protection . . . ." ECF# 588, p. 2. In reply, the plaintiffs agree with this reading. The pretrial order presently provides that the "parties believe and agree that the substantive issues in this case are governed by the following law." ECF# 519, p. 2. And particularly, the plaintiffs' claims for violations of KCPA, deceptive and unconscionable acts and practices, "are governed by Kansas law." *Id.* The parties recorded therein their disagreement over whether Kansas or Delaware law governed their separate breach of contract claims. *Id.* The parties, however, did not record, reserve or reference any issue over Delaware law governing the plaintiffs' consumer protection claims, including in the event of a later ruling of Delaware's applicability to the breach of contract claims.

The pretrial order is to "control the subsequent course of the action unless modified by consent of the parties and court, or by an order of the court to prevent manifest injustice." D. Kan. Rule 16(b); *see* Fed. R. Civ. P. 16(e) ("The court may modify the order issued after a final pretrial

conference only to prevent manifest injustice."). "The burden of demonstrating manifest injustice falls upon the party moving for modification." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000). The plaintiffs have not carried their burden. They stipulated to Kansas law governing their consumer protection claims and neglected to timely preserve any issue over the applicability of another state law. *See id.* at 1223 ("This court should also consider whether the party favoring amendment of the pretrial order formally and timely moved for such modification in the trial court."). The prejudice to the defendants is plain. The defendants pursued discovery, briefed and prevailed at summary judgment on the plaintiffs' Kansas consumer protection claims by relying significantly on the KCPA's statutory terms, including its unique definition of "supplier." The amendment would require defendants to relitigate these consumer protection claims under a new state statutory scheme. The plaintiffs make no persuasive showing that Delaware law and Kansas law are so parallel as to require no more than an identical presentation of the same facts and arguments. Even if they had made this showing, the court would not be inclined to call the prejudice to the defendants minimal or insubstantial. Considering the protracted and contentious history to this case, allowing the plaintiff to lose under Kansas law and to try again under Delaware law is certainly inefficient and lacks the tenor of good faith. The circumstances moving the plaintiffs to seek this

amendment do not constitute manifest injustice. The court denies the plaintiffs' efforts to amend the pretrial order.

The plaintiffs come forward with no viable argument for how the court's choice-of-law findings on their breach of contract claims now changes the law governing their consumer protection claims. This is not an intervening change in the controlling law, as the choice-of-law provision in the promissory note does not govern, and was never argued by the parties as governing, the plaintiffs' allegations of KCPA violations. The court's ruling as to the choice-of-law did not address, let alone change, that the KCPA governed the plaintiffs' consumer protection claims. Instead, the alleged consumer protection violations took place in Kansas, and the parties properly agreed that Kansas is the place of the wrong and that the KCPA governed. *See Griffin v. Security Pacific Automotive Financial Services Corp.*, 25 F. Supp. 2d 1214, 1216-17 (D. Kan. 1998); *cf. Stone St. Services, Inc. v. Daniels*, 2000 WL 1909373, at *4 (E.D. Pa. 2000) (KCPA trumps choice of law provision). There is no unfair surprise in the court deciding the applicability of the choice-of-law provision in the parties' promissory note concerning the meaning, operation and enforcement of the note. This issue was raised and preserved in the pretrial order. The plaintiffs present no viable grounds for relief under Rules 59(e) or 60(b).

IT IS THEREFORE ORDERED that the plaintiffs' "Motion to Reconsider Summary Judgment as to the Consumer Protection Act" (ECF# 588) is denied.

Dated this 16th day of November, 2018 at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge