**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RANDALL A. SCHNEIDER, et al,**

     **Plaintiffs,**

     **v.**                       **Case No. 5:13-CV-04094-HLT**

**CITIMORTGAGE, INC., et al,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs Randall and Amy Schneider asserted claims under the Kansas Consumer Protection Act ("KCPA") against Defendants CitiMortgage Inc. and Citibank, N.A. The Court granted summary judgment in Defendants' favor on these claims because neither Defendant was a "supplier" under the plain and unambiguous language of the KCPA.[1] Doc. 586. Plaintiffs now move to reinstate these claims based on a recent amendment to the definition of "supplier." Doc. 636. Because this amendment is prospective and does not change the controlling law that applies to this case, the Court denies the motion.

## I.     BACKGROUND

In 2007, Plaintiffs entered into a refinanced loan with Defendant Citibank, which was later serviced by Defendant CitiMortgage. Plaintiffs refinanced again a few years later—this time with U.S. Bank. They subsequently brought this action asserting several claims against Defendants, including two violations of the KCPA.

---

[1]   The Honorable Sam A. Crow issued the summary judgment order. After resolving the motion, and the subsequent motion for reconsideration, the case was reassigned to the undersigned.

The KCPA prohibits suppliers from engaging in deceptive and unconscionable acts and practices in connection with "consumer transaction[s]." K.S.A. §§ 50-626, 50-627. For the duration of the loan, the KCPA defined "Supplier" as:

> a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer. <u>Supplier does not include any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution.</u>

K.S.A. § 50-624(l) (2005-2018) (emphasis added). In moving for summary judgment, Defendants argued that the plain and unambiguous language underlined above excluded them from the definition of "supplier." Doc. 524 at 20-23. In response, Plaintiffs offered "no reasonable argument for finding ambiguity with the KCPA's definition of 'supplier' that expressly excludes a regulated bank, trust company or lending institution." Doc. 586 at 10. Thus, the Court held that the plain and unambiguous language of the KCPA excluded Defendants and cited several federal and Kansas cases agreeing with its analysis. *See e.g.*, *Ellis v. Chase Bank USA, NA*, 2017 WL 5158311, at *3 (D. Kan. 2017); *Kalebaugh v. Cohen, McNeile & Pappas, P.C.*, 76 F. Supp. 3d 1251, 1260 (D. Kan. 2015); *White v. Sec. State Bank*, 2017 WL 5507943, at *6-8 (Kan. Ct. App. 2017). Because the statutory language was plain and unambiguous, the Court refused to consider Plaintiffs' arguments based on the legislative history, canons of construction, and other considerations.

Effective July 1, 2019, the Kansas legislature amended the definition of "supplier" to delete the sentence underlined above.[2] A stated reason for the change was to confirm the intent for a "narrow exception for occasional instances where such entities needed to sell or repossess

---

[2] The exclusion language was altered and moved to the definition of "consumer transaction": "'Consumer transaction' does not include the disposition of repossessed collateral by any supplier that is subject to and compliant with any state or federal law or rules and regulations with regard to disposition of such repossessed collateral." K.S.A. § 50-624(c).

property" and address some judicial interpretations of the previous language "as a blanket exclusion for banks and other lending institution." Doc. 638-1 at 4. The amendment is prospective only. 2019 Kan. Laws Ch. 66, § 17.

## II.    ANALYSIS

Plaintiffs ask the Court to reinstate the KCPA claims and argue that the July 1 amendment satisfies three law-of-the-case exceptions because the amendment (1) constitutes new evidence, (2) is an intervening law that undermines the original decision, and (3) renders the summary judgment ruling clearly erroneous such that the maintaining the prior ruling creates a manifest injustice. *Bishop v. Smith*, 760 F.3d 1070, 1086 (10th Cir. 2014). At its core, Plaintiffs' principal argument is that it would be fundamentally unfair to exclude Defendants from the KCPA after the legislature has demonstrated an intent for lending institutions to have been included all along. In response, Defendants argue that Plaintiffs' motion is untimely and, alternatively, that the amendment is not a change in the controlling law. Because Plaintiffs identify no change in the controlling law that alters the summary-judgment analysis and merely cite additional legislative history, the Court denies their motion to reinstate.

### A.    Plaintiffs properly filed the motion to reinstate pursuant to Federal Rule of Civil Procedure 54(b).

Defendants initially argue that Plaintiffs' motion is untimely because Plaintiffs have far exceeded the 28-day deadline to file under Federal Rule of Civil Procedure 59(e) and the motion does not seek reconsideration based on the grounds listed in Rule 60(b). The Court disagrees. The summary judgment order did not finally adjudicate all the claims and, thus, it is an interlocutory order that may be revised at any time before entry of final judgment. *See* Fed. R. Civ. P. 54(b); *see also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Therefore, Plaintiffs' motion to reinstate is not time barred.

**B.** **The plain meaning of the 2005 through 2018 definition of "supplier" excludes Defendants.**

Because the summary judgment order is an interlocutory order, the law-of-the-case doctrine also does not apply. Instead, the Court has broad discretion to revisit the order. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (explaining that courts retain discretion even when a case is reassigned to a different judge). Despite this broad discretion, the Court finds no reason to change the previous order.

The statute effective at the time the cause of action accrues controls unless an amendment is clearly intended to operate retrospectively. *See Owen Lumber Co. v. Chartrand*, 73 P.3d 753, 755 (Kan. 2003). Here, the 2019 amendment expressly states that it is prospective. 2019 Kan. Laws Ch. 66, § 17. Therefore, the previous definition of "supplier" controls.

As explained in the summary judgment order, the substantive question becomes whether either Defendant is a "supplier" under that previous definition. The Court first considers the statutory language. *Ullery v. Othick*, 372 P.3d 1135, 1138 (Kan. 2016). In this case, the specific question is "whether the language 'with regard to disposition of repossessed collateral by such bank' defines banks or limits the exemption from the definition of supplier to banks only when they are disposing of repossessed collateral." *Cmty. First Nat'l Bank v. Nichols*, 443 P.3d 322, 329 (Kan. Ct. App. 2019). Here, as explained in detail in the summary judgment order, the plain and unambiguous language of the statutory definition resolves this question: a bank is excluded as a supplier under the nomenclature and reach of the KCPA if the bank is generally subject to regulations pertaining to the disposition of repossessed collateral. Doc. 586 at 15. Because it is uncontroverted that Defendants are generally subject to regulations pertaining to the disposition of repossessed collateral, they are not suppliers and are excluded from the KCPA.

Plaintiffs' instant motion does not identify any flaw in this plain-meaning analysis. Instead, it cites additional legislative history related to the 2019 amendment. But, as previously explained, the Court cannot resort to the legislative history, cannons of constructions, or other considerations because the text is plain and unambiguous. *Ullery*, 372 P.3d at 1138. Accordingly, the previous version's plain meaning excluding Defendants still governs, even after passage of the recent amendment. It is not for this Court to rewrite the previous definition of "supplier" in light of the recent amendment. All it can do is apply the law as it stood at the time of the alleged misconduct, and that language excluded Defendants from the definition of supplier.

## III.  CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiffs' motion to reinstate their KCPA claims (Doc. 636) is DENIED.

IT IS SO ORDERED.

Dated: August 8, 2019                     /s/ *Holly L. Teeter*_____
                                          HOLLY L. TEETER
                                          UNITED STATES DISTRICT JUDGE