IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. SCHNEIDER, et al,

    Plaintiffs,

    v.

CITIMORTGAGE, INC., et al,

    Defendants.

Case No. 5:13-CV-04094-HLT

## MEMORANDUM AND ORDER

This action arises from a refinance loan between Plaintiffs Randall and Amy Schneider and Defendants CitiMortgage, Inc. and Citibank, N.A. In the instant motion, Defendants move to exclude all testimony by Plaintiffs' retained expert, A.W. Pickel, arguing that his testimony is irrelevant, unreliable, and not helpful to the jury. Doc. 600. The Court agrees that Mr. Pickel's testimony on the impropriety of prepayment penalties under Kansas law and usurious interest rates is irrelevant to the claims remaining for trial and, therefore, excludes those opinions. The Court denies the rest of the motion.

    I.    **BACKGROUND**

In 2007, Plaintiffs refinanced a residential mortgage loan with Defendants. The relationship soured, and Plaintiffs subsequently brought this lawsuit asserting claims for breach of contract, fraud, conversion, and failure to refinance as well as claims under the Kansas Consumer Protection Act, the Real Estate Settlement Procedures Act, and the Equal Credit Opportunity Act. During discovery Plaintiffs disclosed Mr. Pickel's expert report. In this report, Mr. Pickel discusses the fees applied to Plaintiffs' loan, Kansas law on prepayment penalties, the Payment Waiver Protection ("PWP") program, the interest rate and Kansas usury law, the Equity Builder Program, the application of payments, payoffs, and denial of the 2010 refinance loan. *See* Doc. 601-1.

The parties subsequently filed cross motions for summary judgment, and the Court's summary judgment order significantly narrowed the claims and issues for trial.[1] The Court noted that Plaintiffs had withdrawn their claims under the Equal Credit Opportunity Act and the Real Estate Settlement Procedures Act and reiterated that it had already dismissed Plaintiffs' claims for conversion, fraud, and breach of contract events before May 24, 2008. Doc. 586 at 5. The Court held that Plaintiffs had abandoned their usury claim, that Defendants are not suppliers under the KCPA, and that Delaware law governed the breach of contract claims. *Id.* at 7, 20, and 22. Ultimately, the Court found that the issues remaining for trial are limited to whether Defendants breached the terms of the finance documents and, if so, what damages Plaintiffs' sustained because of "overcharging interest rates and fees, in not crediting payments, and in assessing penalties." *Id.* at 32-33. Based generally on this narrowing, Defendants move to exclude Mr. Pickel's opinions under the standard in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).[2]

## II.    STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony and imposes upon the district court a "gatekeeping obligation" to ensure that expert testimony is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). A court's gatekeeping function, however, does not replace the traditional adversary system and the role of the jury. *Cohen v. Lockwood*, 2004 WL 763961, at *2 (D. Kan. 2004). Where there are questions related to the bases and sources of an expert's opinion, these issues go to the weight to be assigned to that opinion—rather than

---

[1]    The Honorable Sam A. Crow issued the summary judgment order. After resolving the motion, and the subsequent motion for reconsideration, the case was reassigned to the undersigned.

[2]    Defendants request a hearing on this motion. The Court determines that a hearing is not necessary and denies this portion of the motion.

admissibility—and are for the trier of fact to determine. *Id.* The burden is on the party offering the expert testimony to prove its admissibility. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

## III. ANALYSIS

Defendants move to exclude all of Mr. Pickel's testimony on the bases that it: (1) is irrelevant to Plaintiffs' remaining breach of contract claims, (2) is unreliable, and (3) is unhelpful to the jury. On the first issue, the Court notes that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Applying this definition, the Court agrees that Mr. Pickel's opinion that the "interest rate was predatory" because it exceeded the usury rate is irrelevant because Plaintiffs abandoned their usury claim. The Court also agrees that Mr. Pickel's opinion that the prepayment penalty was improper under Kansas law (and other opinions on Kansas law) is irrelevant because Delaware law governs the contract. Even if the opinions had some relevance, the probative value is substantially outweighed by the danger of unfair prejudice and confusion of issues. Fed. R. Evid. 403. The Court excludes these opinions. But the Court disagrees with Defendants' remaining relevancy arguments. Mr. Pickel's opinions regarding the PWP payments and how the interest rate violated the note's terms remain relevant to liability despite his concessions. These concessions are issues that go to weight and not admissibility.

On the second issue, the Court finds that Mr. Pickel's remaining opinions are reliable. *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (explaining that an expert's opinion is reliable so long as it is "based on facts which enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculations"). Defendants argue that Mr. Pickel's opinions

3

on the PWP program are not reliable because he does not offer programs like the PWP in his own business. Although Mr. Pickel has not offered PWP programs, it is a product that relates to the servicing process. Mr. Pickel did not testify to the substance or merits of the PWP program—just that, in his opinion, Plaintiffs were overcharged. Once again, this is an issue that goes to weight not admissibility, and Defendants remain free to cross-examine Mr. Pickel based his deposition concessions.

Defendants also contend that Mr. Pickel's opinions are unreliable because he fails to specify the interest rate impact of various overcharges and credits payments. This is a central issue throughout the motion. They argue that "Mr. Pickel cannot, on one hand, state that he could not reconcile how interest and fees were calculated and applied and, on the other hand, provide expert testimony regarding how Plaintiffs' were allegedly damaged by application of the same interest and fees." Doc. 601 at 7. Finally, they point out several concessions Mr. Pickel made at his deposition regarding various overcharges.

The Court agrees that Mr. Pickel did not give a specific figure on this issue because of his inability to comprehend the full servicing history based on the information that was given. And, therefore, any specific damage calculation on this issue (even an estimate) appears to be beyond the scope of his report.[3] But he has relevant, reliable, and helpful information on the issue of liability. This information is properly disclosed, and liability is an issue to be proven wholly aside from damages. Specifically, Mr. Pickel opines that Defendants overcharged Plaintiffs, which would constitute breach of contract. He explains how he reached this opinion in his report and

---

[3] The Court notes the discussion in the summary judgment order regarding the damages. Doc. 586 at 31-32 (explaining that a plaintiff must prove with <u>reasonable certainty</u> the amount of damages suffered as a result of a breach).

provides examples. The jury may evaluate the weight to be accorded this opinion given Mr. Pickel's method and his resulting uncertainty on damages.

On the third and final issue, Defendants contend Mr. Pickel's opinions are not helpful because he does not reach a conclusion on Plaintiffs' damages. An expert's testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (quoting *Daubert*, 509 U.S. at 591). As discussed above, liability and damages are separate issues. Mr. Pickel opines on several liability issues and, although more limited, on some damages issues. The Court finds that Mr. Pickel's opinions are helpful to the jury on these issues and, more generally, because servicing records, the crediting of payments to principal and interest, and the impact of delayed credit for payments are all not likely within the "common knowledge and experience" of the average juror. *Garcia*, 635 F.3d at 476 (quoting *United States v. Rodriguez–Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006)). For the foregoing reasons, the Court grants in part and denies in part Defendants' motion.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' Daubert Motion, Motion in Limine, and Motion for a Daubert Hearing (Doc. 600) is GRANTED in part and DENIED in part. The Court excludes Mr. Pickel's opinions regarding predatory interest rates and the impropriety of the prepayment penalty under Kansas law. The Court denies the rest of the motion.

IT IS SO ORDERED.

Dated: August 13, 2019        /s/ *Holly L. Teeter*
                              HOLLY L. TEETER
                              UNITED STATES DISTRICT JUDGE